IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROSSI WADE & DAUGHTER (JANE DOE),

        Plaintiff,

vs.

TRUIST BANK
SUNTRUST BANK & BB&T MERGER (12/6/19)
SUNTRUST "TRUIST" BANK
SUNTRUST CORP.
SUNTRUST HOLDINGS
KELLY S. KING, CHAIRMAN & CEO, TRUIST
WILLIAM H. ROGERS, PRESIDENT & CEO, TRUIST
JENNIFER S. BANNER, BOARD OF DIRECTORS
K. DAVID BOYER, JR, BOARD OF DIRECTORS
AGNES BUNDY SCALAN, BOARD OF DIRECTORS
ANNA R. CABLIK, BOARD OF DIRECTORS
DALLAS S. CLEMENT, BOARD OF DIRECTORS
PAUL D. DONAHUE, BOARD OF DIRECTORS
PAUL R. GARCIA, BOARD OF DIRECTORS
PATRICK C. GRANEY III, BOARD OF DIRECTORS
LINNIE M. HAYNESWORTH, BOARD OF DIRECTORS
EASTER A. MAYNARD, BOARD OF DIRECTORS
DONNA S. MOREA, BOARD OF DIRECTORS
CHARLES A. PATTON, BOARD OF DIRECTORS
NIDO RL QUEBEIN, BOARD OF DIRECTORS
DAVID M. RATCLIFFE, BOARD OF DIRECTORS
FRANK O. SCRUGGS, JR, BOARD OF DIRECTORS
CHRISTINE SEARS, BOARD OF DIRECTORS
THOMAS E. SKAINS, BOARD OF DIRECTORS
BRUCE L. TANNER, BOARD OF DIRECTORS
THOMAS N. THOMPSON, BOARD OF DIRECTORS
STEVEN C. VOORHEES, BOARD OF DIRECTORS
MARUICE STEWARD, BRANCH MANAGER
JODI MEADOWS, OPERATIONS MANAGER
STEPHON CUMBERBATCH, BRANCH MANAGER,
        Defendant

GJH 20 CV 0656

Dated this 11th day of MARCH 2020.

_____
Rossi Wade

ET AL

1   COMPLAINT

2                    IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF MARYLAND
3

4

5   ROSSI WADE & DAUGHTER (JANE DOE),

6                    Plaintiff,

7   vs.

8   TRUIST BANK
    SUNTRUST BANK & BB&T MERGER (12/6/19)
9   SUNTRUST "TRUIST" BANK
    SUNTRUST BANKS, INC
10  BRANCH BANKING AND TRUST COMPANY AND
    BRANCH BANKING AND TRUST COMPANIES
11  KELLY S. KING, CHAIRMAN & CEO, TRUIST
    WILLIAM H. ROGERS, PRESIDENT & CEO,
12  TRUIST
    JENNIFER S. BANNER, BOARD OF DIRECTORS
13  K. DAVID BOYER, JR, BOARD OF DIRECTORS
    AGNES BUNDY SCALAN, BOARD OF
14  DIRECTORS
    ANNA R. CABLIK, BOARD OF DIRECTORS
15  DALLAS S. CLEMENT, BOARD OF DIRECTORS
    PAUL D. DONAHUE, BOARD OF DIRECTORS
16  PAUL R. GARCIA, BOARD OF DIRECTORS
    PATRICK C. GRANEY III, BOARD OF DIRECTORS
17  LINNIE M. HAYNESWORTH, BOARD OF
    DIRECTORS
18  EASTER A. MAYNARD, BOARD OF DIRECTORS
    DONNA S. MOREA, BOARD OF DIRECTORS
19  CHARLES A. PATTON, BOARD OF DIRECTORS
    NIDO R. QUEBEIN, BOARD OF DIRECTORS
20  DAVID M. RATCLIFFE, BOARD OF DIRECTORS
    FRANK O. SCRUGGS, JR, BOARD OF DIRECTORS
21  CHRISTINE SEARS, BOARD OF DIRECTORS
    THOMAS E. SKAINS, BOARD OF DIRECTORS
22  BRUCE L. TANNER, BOARD OF DIRECTORS
    THOMAS N. THOMPSON, BOARD OF DIRECTORS
23  STEVEN C. VOORHEES, BOARD OF DIRECTORS
    MARUICE STEWARD, BRANCH MANAGER
24  JODI MEADOWS, OPERATIONS MANAGER
    STEPHON CUMBERBATCH, BRANCH MANAGER,
25  CYNTHIA WILLIAMS, EXECUTIVE MANAGER,
                    Defendant
26

27

28



    ET AL

1

2                                         **JURISDICTION**

3

4              Jurisdiction in this venue is proper under diverse jurisdiction where the amount exceed $75000.00

5     and where corporations that conducts business in and maintain operations in different states Judicial Act of 1789.

6              I Rossi Wade and daughter (Jane Doe), are citizens of the United States. We reside at 440

7     Timbermill Run, Emmitsburg, MD 21727.The state of Maryland is where the incident occurred and is in the State

8     and jurisdiction where the defendants reside. Sun Trust Bank, now Truist Bank's, Principal location 303 Peachtree

9     Street N.E. Atlanta, Ga 30308. The company's flagship subsidiary Sun Trust now Truist Bank operates networks

10    throughout the southeast locations: Virginia, Maryland, Alabama, Arkansas, Georgia, North Carolina, Washington,

11    DC, South Carolina, West Virginia.

12              The Defendant's principal place of business, SunTrust "Truist" Bank is located at 515 King Street,

13    Alexandria, VA 22314.  The Defendants are as follows: SunTrust "Truist" Bank, SunTrust Banks, Inc., Branch

14    Banking and Trust Co. and Branch Banking Trust Co., William H. Rogers (President & CEO), Kelly S. King

15    (Chairman & CEO), Jennifer S. Banner (Board of Directors), K. David Boyer Jr. (Board of Directors), Agnes Bundy

16    (Board of Directors), Anna R. Cablik (Board of Directors), Dallas S. Clement (Board of Directors), Pail D. Donahue

17    (Board of Directors), Paul R. Garia (Board of Directors), Patrick C. Graney III (Board of Directors), Linnie M.

18    Haynesworth (Board of Directors), Easter A. Maynard (Board of Directors), Donna S. Morea (Board of Directors),

19    Charles A. Patton (Board of Directors), Nido R. Quebein (Board of Directors), David M. Ratcliffe (Board of

20    Directors), Frank O. Scruggs (Board of Directors), Christine Sears (Board of Directors), Thomas E. Skans (Board of

21    Directors), Bruce L. Tanner (Board of Directors), Thomas N. Thompson (Board of Directors), Steven C. Voorhees

22    (Board of Directors) Maurice Steward (Old Town Branch Manager), Jodi Meadows (Operations Manager), Stephon

23    Cumberbatch (Richmond Hwy Branch Manager), Cynthia Williams (Executive Manager).

24

25

26

27

28

ET AL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## VENUE

NOW COMES PLAINTIFFS, Rossi Wade and daughter (Jane Doe), to file this complaint and Demands a Jury Trial. Venue is proper 28 USC & 1332, I file this Tort Claim for Negligence, Breach of Contract, Privacy Rule Under Title V of the Gramm-Leach, Unfair and Deceptive Trade Practices, Liability, Vicarious Liability, Deceit and False Representation, The Banking Act and Physical Injury.

I am asking for Economic and Non-Economic Damages, Compensatory Damages for; Injuries/ Re-Injury sustained, Mental Cruelty, Mental Anguish, Loss of Enjoyment of Life, as well as Punitive Damages for Violation of Laws. To punish SunTrust Bank, now "Truist" Bank, for their reckless behavior. Hopefully no other customers or potential customers will suffer as myself and family has due to no negligence of our own. I am petitioning the courts to hold the Defendants responsible for injuries sustained, all losses incurred from June 28, 2019 to the present – for the inability to have surgery, inability to return to work, loss of income and my home, subsequent lapse in payments, my daughter's education and more.

ET AL

**HISTORY OF SUN TRUST BANK AND BB & T BANK "TRUIST BANK"**

1. SunTrust provides deposit, credit, trust, investment, mortgage, asset management, 5 securities brokerage, and capital market services.

2. Headquartered in Atlanta, SunTrust has two business segments: Consumer and Wholesale.

3. The Company's flagship subsidiary, SunTrust Bank, operates an extensive branch and ATM network throughout the high-growth Southeast and Mid-Atlantic states, along with 24- hour digital access. Certain business lines serve consumer, commercial, corporate, and institutional clients nationally.

4. As of December 31, 2018, SunTrust had total assets of $216 billion and total deposits of $163 billion.

5. On February 7, 2019, the Company's Board caused the Company to enter into the Merger Agreement. Pursuant to the terms of the Merger Agreement, shareholders of the Company will receive 1.295 shares of BB&T common stock for each share of SunTrust common stock they own.

6. According to the press release announcing the Proposed Transaction: SunTrust Banks, Inc. (NYSE: STI) and BB&T Corporation (NYSE: BBT) announced today that both companies' boards of directors have unanimously approved a definitive agreement to combine in an all-stock merger of equals valued at approximately $66 billio

7. The combined company will be the sixth-largest U.S. bank based on assets and deposits. The pro forma company will have approximately $442 billion in assets, $301 billion in loans, and $324 billion in deposits serving more than 10 million households in the United States, with leading market share in many of the most attractive, high growth markets in the country.

8. The incremental scale positions the new company to achieve industry-leading financial and operating metrics with the strongest return profile among its peers.

9. In a reflection of the equal contribution both banks bring to the new institution, the combined company will operate under a new name and brand, which will be determined prior to closing.

10. The combined company's board of directors and executive management team will be evenly split between the two institutions. A new corporate headquarters will be established in Charlotte, NC

ET AL

NATURE OF THIS ACTION

On June 28, 2019, I went to SunTrust "Truist" Bank located at 515 King Street, Alexandria, VA 22314, to speak with a representative to acquire information regarding opening an account. I'd just relocated to the state of Virginia, and I was unsure of what bank I wanted to establish a relationship with. I went into the SunTrust "Truist" Bank. Maurice Steward, branch manager, approached me and asked if he could help and Steward asked me to come into his office and have a seat.  I began to tell Steward I wanted information on the different types of accounts SunTrust "Truist" Bank offers, and that I was new to the area. Steward began to tell me they were one of the best institutions and he assured me he could meet my banking needs. I began to tell him what type of accounts I wanted to open and what I was looking for in establishing a banking relationship. Maurice Steward assured me they had the best rates in money market accounts and other details pertaining to their accounts.  I began to tell Maurice Steward I was involved in an auto accident while relocating and I had to have surgery on Monday, July 1, 2019. Before I opened the account on June 28, 2019, I had to be sure I could get the funds I needed on Monday before I had surgery. Maurice Steward, branch manager, assured me I would have funds needed for Monday July1, 2019 for my surgery and that SunTrust "Truist" Bank has next day availability. I was impressed with the products and rates and was ready to move forward based upon his agreement - stating my funds would be readily available Monday July 1, 2019.  Upon agreement I decided to move forward and open the accounts. On June 28, 2019 16:47pm I went into a contractual agreement with SunTrust "Truist" Bank, only because Bank Manager, Maurice Steward, stated my funds would be available on Monday, July 1, 2019 prior to my surgery. Once coming to a mutual agreement with funds being readily available after opening the accounts, I told the branch manager Maurice Steward I wanted my daughter on the accounts, I needed to get my daughter bring her to the bank. I left the bank briefly to retrieve my daughter.

I brought my daughter to SunTrust "Truist" Bank about 15 minutes later and Bank manager M. Steward began the paperwork. At that time, I was in pain and ready to leave but Steward, assured me when I asked again if my funds would be available on Monday, July 1, 2019. and Steward said, "Yes the funds would be available." So, I managed to deal with the pain until we completed the transactions.  My daughter asked Steward again just to be sure - if we'd have available funds Monday, July 1, 2019, because she knew I couldn't miss my appointment, or I would have to wait until next year. My daughter wanted confirmation before we moved forward.

ET AL

1      Steward smiled again, he stated, yes, the funds would be available. I advised that I am asking just

2  to get confirmation because she knew I needed surgery and couldn't reschedule until January. Steward said, "Yes,

3  we would have funds Monday, July 1, 2019." Then we continued to add my daughter to the accounts.

4      We made the deposits, received receipts and Steward walked us out of the bank, he wished us well

5  and hoped that my surgery goes well. Monday, July 1, 2019 myself and daughter went into SunTrust Bank, located

6  at 515 King Street, Alexandria, VA 22314, about 9:00 am. We went into Steward's office and I wrote a check for

7  $1300.00 and gave it to Steward. Instead of Steward going to the teller window Steward went to his computer and

8  pulled up my account and informed me I couldn't make a withdrawal and to come back Tuesday, June 2, 2019.  I

9  told the branch manager Maurice Steward I was on my way to have surgery I needed my money.

10      He smiled and told me to come back tomorrow. I told Steward tomorrow was too late my surgery

11  was scheduled for this morning at 11:00 am. He told me to wait for a couple of hours and come back. I told him I

12  didn't have time for that. Steward told me to come back at 11:00 am. I was in pain and upset, I left the bank, then

13  went back at 11:00 am. Steward told me funds were not available to come back tomorrow; he assured me that the

14  funds would be available, again. I told him that doesn't matter and that I was scheduled for surgery today and need

15  my money today, July 1, 2019. I reiterated to him what he told me before I opened the accounts - that my money

16  would be available on Monday, I then told him I felt like he was playing games with my life.

17      Steward assured me that the funds would be available on Tuesday, July 2, 2019. We departed the

18  SunTrust Bank located at 515 King St.in Alexandria, VA, to purchase pain medication for myself. Later that day I

19  had my daughter to call the doctor and reschedule my surgery because I was unable to make it because the funds

20  were not available as promised.  I told my daughter I had plans to return to the bank on Tuesday, July 2, 2019 and

21  close the accounts.  Due to negligence on the part of M. Steward defendants and Truist Bank I miss my appointment

22  for surgery due to the contractual and verbal agreement that we entered on June 28, 2019. On Tuesday, July 2, 2019,

23  I went to a teller and tried to withdraw funds, the teller explained the funds were not available and I proceeded to

24  Steward's office, and he proceeded to laugh about my funds not being available.

25

26

27

28

ET AL

On July 3, 2019, I went back to the Old Town location. Steward, the branch manager, told me the account was **closed** because of fraud and something was wrong with the check. I asked him what was wrong with the check and he said he didn't know but it was flagged for fraud. I advised him that nothing was wrong with the check. I left that branch of SunTrust "Truist" Bank and went to the Richmond Highway branch and spoke with Stephon Cumberbatch, that branch manager and asked him to look at my accounts. I told him I wanted to close my accounts and I wanted my funds. He asked me for my account numbers, and I handed him a check. Cumberbatch informed me the funds haven't cleared and I couldn't close the accounts. I asked what he meant I couldn't close the accounts and Cumberbatch, the branch manager, said he couldn't access that screen and he took out a handbook. I asked him what kind of branch manager can't access a computer screen and he said I can do *more* than access a computer screen. He informed me that he was a computer programmer, that he knew how to work a computer. I told Cumberbatch that SunTrust "Truist" Bank and its employees are corrupt. Cumberbatch laughed at me as I exited his office and said that's not *my* problem and SunTrust "Truist" Bank isn't holding his money. I asked him what he said and he replied, that's why you're, Rossi Wade and Daughter, am not getting your money. Then I informed him that I'll see him in court. I left the Richmond Highway location and went to the Kingstown location at 5820 Kingstown Center, Alexandria, VA 22315, and spoke with Patrick, the branch manager. He informed me the account was **pending closed** and he didn't know why I couldn't retrieve my funds. He apologized and sent an email to the home office in Atlanta, Ga and informed me that someone would be in contact with me within 24 hours. Later in the day I received a call from Lisa Evans, and she told me my account **was closing** and she didn't know why. I asked to speak with the President of the bank, William Rogers and/or John Gregg, and she told me I could not speak with the President, but she would have someone give me a call. I informed her that if no one called me I would see them in court

On Monday, July 8, 2019, I went back to SunTrust "Truist" Bank – Old Town, and wrote a check to get cash and Steward, the branch manager, told me the funds were not available because the funds were not available because the check hadn't cleared. I left the branch and called Mary McCready of the General Insurance Company, the issuer of my checks and told her to stop payment and issue me new checks. She informed me her assistant would help me with the stop payment because she'd be out of the office. I spoke with her assistant and she informed me that the stop payment couldn't go through because the check had been cashed. I called SunTrust "Truist" Bank on July 8, 2019 and spoke with Shelia and I told her I wanted to speak with the President of the bank, William Rogers and/or John Gregg. I informed her that I've been given the run around about my account and needed ET AL

to know what was going on. Shelia told me my account was **under review for closure**, **it wasn't closed** but I was unable to access funds from my account. I asked her what that meant she said it's a **hold on your account** and you can't get any money.

On July 9, 2019, I called SunTrust "Truist" Bank and spoke with Lisa Rice, a customer service representative, and she told me to give her my personal identifiable information and she would discuss the details of my account. I gave her the information and she refused to provide me with my account information.

On July 10, 2019, I called SunTrust "Truist" Bank and spoke with Jenna and she told me my **funds were available** and she was not sure why I couldn't access my funds and she would notate my account regarding the issue. I also called the automated system and it states my **funds were available.**

On July 12, 2019, Cynthia Williams called me from SunTrust "Truist" Bank's home office in Atlanta, Ga around 11 a.m. EST. Williams informed me that my **account was resolved,** and I can go to the Old Town location and pick up my check from a teller. I then went to that location, to the teller, and gave her a check and she informed me that my **accounts were frozen,** and I couldn't get any money. I told her I spoke with Cynthia Williams and she told me to come here and pick up my check. Then I went to Steward's office, the branch manager. He informed me he didn't have a check for me. I told him Cynthia Williams told me to come to this location and pick up my checks. He told me to have a seat and he would call her – except he didn't call her but called someone else. So, I called Cynthia Williams and asked her why she was playing games with Steward and that he doesn't have my checks. I left the branch and called Mary McCready and she advised me she couldn't stop payment on the checks because the checks were cashed on July 2, 2019 by SunTrust "Truist" Bank. She advised me that there was **nothing** she could do once the checks were cashed.

**July 13,2019**, I was rushed to the emergency room due to spitting up blood I was diagnosed with **severe infection and gangrene**, my life being on the line, due to the cancellation of surgery, and to complications I experienced, my condition worsened, and my situation **became life-threatening.**

**If I'd waited another day before going to the ER,** I would have had **to leave my daughter alone** in a strange city with no other family members and no one to turn to. I was humiliated while dealing with an illness, going back and forth to the bank when they had no intentions of releasing my funds, losing my home because I was unable to make pre-arranged arrangements due to the bank officer's holding my funds. I lost my job because I was unable to have surgery therefore not being able to perform my duties due to excruciating pain and frequent bleeding from over exertion and performing my job duties. **July16, 2019** I received a call from Sun Trust ET AL

Bank now Truist Bank from operations **manager Jodi Meadows**, Jodi informed me that she would be looking into the matter and she would be getting back in touch with me once she looked into the account. **Three days later** July 19, 2019 I received a call **from Sun Trust Bank now Truist Bank** operations manager Jodi Meadows stated she would **be putting my check in the mail** the next day defendants **Jodi Meadows/Truist Bank stated** they would **not be releasing my funds** to me due to an incident that occurred at the bank. I told Operations manager don't ever call me again I will see her in court.

    **July 20, 2019** I received another call **from Sun Trust Bank now Truist Bank** from defendants Truist Bank operations manager Jodi Meadows in regards to my account **Jodi Meadows stated she had spoken with Mary McCready** from the **Insurance company** and **that she would be mailing the check to Mary McCready**, I asked Jodi Meadows operations manager at Truist Bank how could she mail a check that was fraudulent. How can Sun Trust Bank now Truist Bank mail a check been cashed? I said that's money laundering.

    How can she mail a check in our names back to the endorser? Operations manager Jodi Meadows at SunTrust Bank now Truist didn't comment. I asked Jodi Meadows operations manager at Sun Trust Bank now Truist Bank How can you speak on my behalf Truist Bank was Sun Trust Bank rejected my business as a customer but she has the audacity to call this company and speak on my **behalf without my permission**. Operations manager **Jodi Meadows never called to get permission to speak on my behalf**, each time myself/daughter called the office **we have to give identifying information before any information can be released**, You have to give PI information. **I must give PI information to get any updated information regarding my case.**


    **As of September 26, 2019**, I was still **unable to go back to work** because I was unable to have surgery, when I scheduled the surgery I was informed I couldn't have missed the surgery dated because the doctor was booked **until February / March 2020** due to negligence on the part of the defendants (Steward) and Truist Bank was Sun Trust Bank **I missed my surgery** dated I and have been unable to work since.

ET AL

**CLAIMS FOR VIOLATIONS AGAINST**
**SUN TRUST BANK / TRUIST BANK AND DEFENDANTS**

**COUNT: I**

**NEGLIGENCE, LIABILITY and DECEPTIVE TRADE PRACTICE ACT:**

1.Plaintiffs repeats and realleges the preceding allegations as if fully set forth herein. June 28, 2019, I went into SunTrust Bank, now Truist Bank, to open an account I expressed to the individual defendant M. Steward, I wanted to open some accounts but needed a definite date the funds would be available due to being scheduled for emergency surgery.

2**. Monday July 1, 2019** the individual defendants M**. Steward told for certain my funds would be available Monday July 1, 2019 with no hesitation and a witness being present**, at that point I stressed to the individual defendants and Truist Bank that if the funds would not be available I can't open the account.

3.The individual defendants and Truist Bank, previously Sun Trust Bank is at least negligent for statements disseminated with these materially false and misleading statements that is false representation of facts, representations made false with intention to make plaintiff to act upon belief to be true.

4. Which contained statements that in violation of Deceptive Trade Practice Act (FTC ACT SECT.5) (15 USC &45), in light of circumstances under which they were made, omitted to state material facts necessary to make the statement therein not materially false or misleading

5. **Sun Trust Bank now Truist Bank is liable as the issuer of these statements**.  6.By virtue of their position within the company, the individual defendants were aware of this information and their duty to disclose the correct information to the Plaintiffs upon opening these accounts the Truist Bank and Defendants, are liable for omissions, where reliance has been induced, **when control has been assumed, special relationships between two parties which confer an obligation.**

7. Omission in this case: **Donoghue v Stevenson (32)** case where Stevenson sealed the bottle in such away it was impossible to inspect it before use. **Omission in this case in order to make an informed decision one would have had to have read rules and regulations/bank's policy before making an informed decision**.

8. The individual defendants were at least negligent in **Unfair and Deceptive Trade Practice Act FTC act 15 U.S.C.&** 45 practice or act that's deceptive, unethical, misrepresentation of goods or services, the defendant

ET AL

(Steward) Truist Bank was Sun Trust Bank failure to deliver the quantity or quality of goods or services contracted.

9. **Weitzel v. Barnes 691 S. W. 2d. case in DTPA** is where oral representation can serve as a basis of DTPA where defendants and Trusit Banks stated on **June 28, 2019** that funds would be available upon going to withdraw funds defendant stated that **funds were not available** and he couldn't release them.

ET AL

**CLAIMS FOR VIOLATIONS AGAINST
SUN TRUST BANK/ TRUIST BANK AND DEFENEDANTS**

**COUNT: II**

**NEGLIGENCE, BREACH OF CONTRACT, DTPA**

The individual defendants and Truist Bank, previously SunTrust Bank, by virtue of their position as officers and/or directors of Truist Bank, participated in and/or was aware of the company's policy and/or rules and regulations they drafted in their handbook and was aware that a potential customer wouldn't be privy to that information until they opened an account.

The defendants and Truist Bank, previously SunTrust Bank, **had knowledge of the false statement** and had **the power to influence and control, and did influence and control, directly or indirectly**, the decision making of the employees including the contents and dissemination of various statements that the Plaintiff contents are false and misleading.

**Dorset Yacht Co. v Home Office (1970)** this case shows how a duty to take such care was reasonable in all circumstances, they had a duty to prevent a person under their control from causing damage and didn't**. The defendants and Truist Bank had direct control over the transactions**, as well as, knowledge of the rules and regulations disclosed in the handbooks therein which states 'next day availability.

**That information was omitted and/or misrepresented, by the defendants and Truist Bank,** previously SunTrust Bank. When I went to the Truist Bank's branch, **the branch manager said the funds would be available on July 1, 2019**. Upon returning to Truist Bank, previously SunTrust Bank, defendants and Truist Bank told me funds were not available and I should return July 2, 2019.

By virtue of the fore going, the individual defendants and Truist Bank violated tort(s) negligence duty of care**. Ann v Merton** Plaintiffs were tenants in flats suffered damaged due to not performing an inspection from the beginning of the relationship, defendants were held accountable for **owe a duty of care**, the defendants **refused to honor agreement made** from the **beginning of our relationship in releasing funds July 1, 2019** and later told me to come the following day and funds would be available. The individual defendants and Truist Bank are liable for tort: negligence for a breach of contract and standard of conduct.

**March v Stramare (E & MA) PTY, LTD**. This case shows a **"but for" test** in concluding if not for defendants and Truist Bank failure to **exercise appropriate and/or ethical ruled care injuries sustained** ET AL

**wouldn't have occurred**. The omissions on the part of the defendants and Truist Bank was the proximate cause of the injuries sustained and would show violations **for Breach of Contract**. By virtue of act and omissions Tuist Bank and defendants are negligent for the violations of **the Companies Act of 1985/2006, and Articles of Association** which set out responsibilities of the companies and its directors, as is with Truist Bank and defendants whom recently had a merger with BB&T Bank.

Based upon prior actions of the Sun Trust Bank BB &**T should have investigated rules and regulations in board meetings that were held prior to this merger as well as conduct of employees alone with** complaints from its customer, before any companies merge they have full knowledge of daily operations as well as assets current and previous alone with current cash flow as records indicate **Crandler v Crane.**

**Christmas & Co** case showing defendants negligence in a statement of **misrepresentation/ misstatement** as in relations to June 28, 2019 the statement that was made by said defendants **and Truist Bank** directly to Plaintiffs regarding **release of funds**. This case shows how defendants and Truist Bank is at least negligent of misstatement.

ET AL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CLAIMS FOR VIOLATIONS AGAINST
## SUN TRUST BANK / TRUIST BANK AND DEFENDANTS

### COUNT: III

### TORT NEGLIGENCE, BREACH OF CONTRACT, DECEPTIVE TRADE PRACTICE LIABILITY, STRICT- LIABILTY, DECEIT/FALSE REPRESENTATION, AND BANKING ACT

**Plaintiffs repeats and reallege** the preceding allegations as if fully set forth herein July 1, 2019 **defendants Truist Bank was SunTrust Bank Steward** told me to come back **on July 2, 2019** because the funds **were not available** I went to the Truist Bank, previously Sun Trust Bank located King Street Alexandria, Va.

**July 2, 2019 to withdraw funds** and close the account defendants Truist Bank, previously Sun **Trust Bank, bank manager M. Steward** told me **the funds were not available** the **account was flagged for fraud**, that the account **was under investigation because the check was fraudulent** pending closure.

**Norwich City Council v. Harvey 1989** (duty of care- liability in negligence), on the facts of the case there was no dispute that, if Briggs and Harvey owed a duty of care to NCC to take care to avoid damage to NCC property, then they were in breach of that duty and liable to NCC. The invitation to tender issued by Bush and Briggs and the acceptance of the tender delivered by Bush to Briggs that the work was to be carried out was bound by terms of the contract.

In opinion present state of law on the questions, whether there or not a duty of care exist is that save were there is already good authority that in circumstances there is such a duty, it will only exist in novel situations where not only is there foreseeability of harm but also a close direct relation between parties. **The Defendants (Steward bank manager), knew of the foreseeability of harm when he announced that the funds would be available July 1, 2019.**

Monday the day, I was scheduled to have surgery when I asked **him June 28, 2019** before opening the account the defendants and Truist Bank now at that time was known as Sun Trust Bank is at least liable for negligent tort for duty of care one in which caused injury.

In **Derry v Peek**, this case states where an insurer owes the insured a duty of utmost good faith, the insurer must not ignore facts which they know, or of which they have Nelsonian Blindness Pill Lj went further to require insurer to act in good faith. He took a view that avoidance for non-disclosure or misrepresentation is akin to

ET AL

rescission for misrepresentation under the **general Law of Contract**, disclosure duty of major significance because they show that modern judicial are engaged in a process eroding the harness of the **duty of utmost good faith** and a duty of good faith. In this **case defendants (Steward bank manager) Truist Bank was Sun Trust Bank knew for a fact July 2, 2019** when I went into the branch to withdraw funds that in fact **the funds were available** and that **the check had been cashed** but defendants ( Steward) and Truist Bank , previously Sun Trust **Bank stated that the funds were not available**.

Defendants ( Steward) and Truist Bank , previously Sun Trust **Bank  continued to make false and misleading statements and misrepresentation of the facts:** to myself and daughter, when the defendants (Steward) & Truist Bank, previously SunTrust Bank in fact knew the funds were available and **refused to release them**, by not releasing the funds the defendants (Steward) & Truist Bank continued to break the law by refusal to **release my funds**. Defendants Steward and Truist Bank officials were in violation **of Banking Laws**, in violation of holding **funds**, Tort Negligence, Breach of Contract, were in violation of Deceit and False Misrepresentation, Unfair Deceptive Trade Practice Act, and Vicarious Liability which resulted in Plaintiffs, injures /physical harm in which defendants (Steward)& Truist Bank , previously Sun Trust Bank actions caused.


**The Banking Act No. 30 of 1988** [As amended] defines the term "banking business" as: " the business of receiving funds from the public through the acceptance of money deposits payable upon demand by cheque, draft, order or otherwise, and the use of such funds either in whole or in part for advances, investments or any other operation either authorized by law or by customary banking practices.


**Joachimson v. Swiss Bank Corp 13** by Lord Justice Atkin gives a lucid account of the basic common law duties of a bank towards its customer, arising out of the general contract between the bank and the customer. His Lordship stated:

"The bank undertakes to receive money and to collect bills for its customer's account. The proceeds so received are not to be held in trust for the customer, but the bank borrows the proceeds and undertakes to repay them. The promise to repay is to repay at the branch of the bank where the account is kept, and during banking hours.

It includes a  promise to repay any part of the amount due against the written order of the customer addressed to the bank at the branch, and as such written orders may be outstanding in the ordinary course of business  for two or three ET AL

days, it is a term of the contract that the bank will not cease to do business with the customer, except upon reasonable notice. The customer on his part undertakes to exercise reasonable care in exercising his written orders as not to mislead the bank or to facilitate forgery. I think it is necessarily a term of such a contract that the bank is not liable to pay the customer the full amount of his balance until he demands payment from the bank at the branch at which the current account is kept."

Accordingly, the main duty of a bank towards its customer is to **repay the money** borrowed from the customer. However, this duty is subject to certain conditions aimed at realities of banking practice and business efficacy. It is an implied term in the contract between the bank and its customer that the bank is not liable **to repay the customer until demand is made for repayment**. Until then, there is no presently due debt owed by the bank to the customer. Although, an oral demand would be technically sufficient to be termed as a valid demand, the normal practice adopted by banks is to consider a cheque or passbook as a demand, apart from the e-banking and mobile-banking methods.

Once the mandate is given by the customer to his/her bank and becomes binding on the bank, **the bank has a duty to act on the said mandate**. Any failure of the bank to act as stipulated in the mandate given by its customer **would result in breach of contract on the part of the bank**. When the bank acts outside the authority conferred by the mandate, effects of such acts will not be binding on the customer and therefore, **bank alone would be liable for any loss incurred thereby. Acting beyond the customer's authority may also amount to breach of contract on the part of the bank.**

### Cheque Transactions

**The Bills of Exchange Ordinance No. 25 of 1927** [As amended] defines a "cheque" as a bill of exchange drawn on a banker payable on demand.

The bank must pay cheques drawn by a customer in legal form on the branch where the customer's account is maintained subject to certain requirements. These requirements include:

ET AL

1. **The cheques should be presented for payment during banking hours** or within a reasonable margin of time after the bank's advertised hour of closing.

2. **There should be sufficient funds in the customer's account** to meet the cheques drawn by the customer or else a prior arrangement should have been made by the customer with the bank for the payment of the cheques drawn by him/her.

3. **There should be no legal impediments to the payment of the cheques**. The cheque is also required to be drawn in proper form.

   If the above requirements are satisfied the bank is obliged to pay the cheques drawn by its customer and if it breaches this duty, the customer would be entitled to claim for damages from the bank. **Dobbs-Frank Act** This law is consumer protection **safeguarding buyers** of goods and services and the public, against unfair practice in marketplace, such laws are intended to prevent businesses from engaging in fraud or specific unfair practice misrepresentation. **The law also mandates that banks are supposed to release funds upon demand of payment** from the consumer at the bank and location where the account was opened.

   Based upon laws and facts presented, defendants, Steward of Truist Bank, previously Sun Trust Bank, is at **least in violation of The Banking Act No.30, Dobbs-Frank Act, Strict Liability, Liability, Tort Negligence, Breach of Contract, Deceptive Trade Practice Act, Deceit/False Representation, and The Gramm-Leach Act**

ET AL

1

2

## CLAIMS FOR VIOLATIONS AGAINST
## SUN TRUST BANK / TRUIST BANK DEFENDANTS

3

### COUNT: IV

4

**TORT NEGLIGENCE, BREACH OF CONTRACT, DECEPTIVE TRADE PRACTICE ACT, LIABILITY, STRICT LIABILITY, MISREPRESENTATION, DECEIT/FALSE MISREPRESENTATION AND PRIVACY ACT.**

5

6

**Plaintiffs repeats and reallege allegations as if set forth herein** June 28, 2019, July 1, 2019 &

7

July 2, 2019. Defendants, Steward and Truist Bank, previously Sun Trust Bank stated July 3, 2019 **that the account**

8

**was closed** when I went to the Old Town location where I opened the account. Defendants, (Steward) and Truist

9

Bank told **me funds were not available** I couldn't close the account **or get my money** because the check was

10

**fraudulent,** I advised Bank Manager Steward defendant and Truist Bank that nothing was wrong with the check.

11

Defendants (Steward) and Truist Bank, previously Sun Trust Bank violated **The Banking Act No.**

12

**30** which **states upon demand of funds the bank is supposed to honor** the consumer wishes and release funds.

13

The defendants (Steward) and Truist Bank, previously SunTrust Bank is liable for duty of care in **The Mechanics**

14

**Bank v Bank of Columbia 5** case states liability lies when its within!! the **scope of employment** defendants

15

(Steward) **was in the scope of employment and master had knowledge** of his actions, the defendant (Steward)

16

followed rules of his master in the performances of his duties.

17

**As documents show** this is not the first case in which Sun Trust Bank now Truist Bank have

18

**taken possession of customer money and refuse to release the funds upon demand**. The defendants and Truist

19

Bank are is violation of **the Unfair Deceptive Act or Practices** by State Chartered Banks in misrepresentation, or

20

omission when making statement to the customers.

21

I left old town location and went to the Richmond Highway Branch and ask to speak with the

22

bank manager I was told his name was **Stephon Cumberbatch**, I ask him to look at my account and I told him I

23

wanted to get **my funds and close the account**. Defendants (Cumberbatch) ask for my account number I gave him a

24

check. Defendants (Cumberbatch) and Trusit, previously Sun Trust Bank informed me the check hadn't cleared and

25

notified me that I couldn't close my account, I asked him why?  Defendants (Cumberbatch) and Truist Bank stated

26

he couldn't access the screen and he went to retrieve his handbook I asked him what was he doing? I said what kind

27

of bank manager can't access his computer screen and what was the hand book going to tell me about my personal

28

account defendants (Cumberbatch) stated I can do more than access a computer screen I am a computer programmer, I know how to work a computer. I told defendants (Cumberbatch) and Truist Bank, previously ET AL

1   SunTrust Bank that they were doing something illegal defendants (Cumberbatch) and Truist Bank, previously Sun

2   Trust Bank. Defendants (Cumberbatch) laughed and stated you're not getting your money, they are not holding my

3   money, they're holding yours after hearing that I walked out of his office and left.

4           Defendants (Cumberbatch) and Truist Bank, previously Sun Trust Bank is at least negligent for

5   fraud and misrepresentation. **Palsey v. Freeman** where the plaintiff was a merchant and ask the defendant for credit

6   reference and the defendant lied to the plaintiff about the credit reference and sold him goods on credit and the

7   plaintiff sued him for fraud and misrepresentation. **Thornton v Shoe Lane Parking LTD, (1970) A clause can't be**

8   **Incorp., after a contract has been concluded without reasonable notice before.**

9           **Hedley v Baxendale 1854**, Where two parties have made a contract which one of them have

10   broken the damages which the other party ought to receive in respect to such breach should be such as made fairly

11   and reasonably be considered arising naturally. **Coggs v Bernard** any man who undertakes to do an act is liable to

12   an action if because of his neglect damages occur. **Watteau v Fenwick (liability),** An undisclosed principal can be

13   held liable for the actions of an agent who is acting with authority that is reasonable for a person in the agents'

14   positions whether the agent has the actual authority to do so.

15           **Rama Corp. LTD., v Proved Tn & Gen. Inv**. Osentensible or apparent authority is merely a

16   form of estoppel, there is no holding out by the company that its director has the power to contract, unless the other

17   party has acted on the knowledge of the power of delegation in the Articles. " The defendants (Cumberbatch) and

18   Truist Bank, previously Sun Trust Bank is in violation of the Ellinger's Banking Law return money on demand

19   1988.

20           The Bank manager had authority to release funds upon demand and refuse to when he knew the

21   funds had cleared and in fact was available. **Space inv. LTD., v Canadian Imperial Bank of Commerce** states

22   administered by law free from risk and misappropriated trust money by treating the trust money as though it belongs

23   to the bank. The defendants (Cumberbatch) and Truist Bank, previously SunTrust Bank is liable for tort negligent

24   acts against the Plaintiffs for holding of funds and injury.

25           After leaving the Richmond branch I drove to the Kingstown branch of Truist Bank, previously

26   Sun Trust Bank and asked for the bank manager I spoke with defendants (Patrick) Bank manager, I informed him of

27   the situation and I told him I wanted to speak with someone in the home office and he advised me he would send an

28   email to corporate office and have someone to contact me after he told me he was unable to give me my funds.

ET AL

1   Defendant (Patrick) and Truist Bank stated I would be given a call within 24 hrs. Later that day

2   Lisa Evans gave me a call and stated she said my account was pending closure and she didn't know why I told her I

3   wanted to speak with the bank President William Rogers or John Gregg she told me I couldn't speak with the bank

4   president but she would have someone to give me a call.

5   The defendants (Lisa Evans) and Truist Bank, previously Sun Trust Bank is liable for Negligence,

6   Fraud, Deceit, False Misrepresentation, Breach of Contract, Liability, The Banking Act, Physical Injury. The case

7   **Earles v Barclay** cites the defendant's failure to disclose full and proper disclosure as with Truist Bank refusing to

8   fully disclose facts regarding accounts.

9

10   **Richardson v. Ham 1955**, Richardson concluded the duty owned by the defendants (Lisa Evans)

11   and Truist Bank included a duty to protect the plaintiffs from intentional misconduct and such misconduct did not

12   constitute a superseding cause of the plaintiff harm.

13   **Warner v Santa Catalina Island Co. 1955** abstract in an action for damages for loss of eyesight

14   after a bullet ricocheted and shattered in a shooting gallery, injuring plaintiff's eye, a nonsuit was granted in error to

15   the bullet manufacturer; evidence of negligence was sufficient to go to the jury. Defendants (Lisa Evans) and Truist

16   Bank are at least in violation of negligence of injury, **False Misrepresentation, Breach of Contract, Dobbs-Frank**

17   **Act, Fraud and Deceit. This law provides consumer protection in the event of fraud and misrepresentation**

18   **Hale v Pacific Tel & Tel Co. 1955**, This case ruled in favor of plaintiff for damages, not disputing

19   the contention of the respondent that the intention of the parties expressed in the contract must govern, and that in

20   absence of express provision in the contract, it seems clear to us that these principals have no application to this

21   case.  The defendants (Lisa Evans) and Truist Bank, previously Sun Trust Bank the principals they applied in

22   making fraudulent statement and deceived the customer by misrepresenting the product and contract as well as the

23   banking laws and Acts which state a customer should be paid upon demand when request, when defendants: ( Evans,

24   Patrick, Cumberbatch, and Steward), knew for a fact the funds had cleared and continued to refuse to

25   release my funds upon demand.  The Defendants and Truist Bank, previously Sun Truist Bank in

26   fact is liable for tort negligence and all **counts re-allege from 1-3.**

27

28

ET AL

1

2

### CLAIMS FOR VIOLATIONS AGAINST
### SUN TRUST BANK / TRUIST BANK /DEFENDANTS

3

### COUNT: V

4

### BREACH OF CONTRACT, DTPA, LIABILITY, TORT NEGLIGENCE,
### DECEIT AND FALSE REPRESENTATION, BANKING ACT NO.30

5

6       July 8, 2019 I went back to Truist Bank, previously Sun Trust Bank old town location where I

7    opened the accounts and wrote a check to get cash and defendants (Steward) and Truist Bank told me the funds were

8    not available because the check had not cleared, at that point there was no longer a hold on the check. I went home

9    and called the issuer of the check and told her to stop payment on the check and issue me another check. She

10   informed me she was unable to issue another check. She informed me she would be going out of town and she gave

11   me her assistants information and told me her assistant would assist me in any way she could.

12       After speaking with the issuer of the check, I called Sun Trust Bank and spoke with a lady named

13   Shelia. I told her I was being given the run around about my account and I needed to speak with the bank president

14   and she informed me that no one could speak with the bank president, she asked me for identifiable information in

15   order to review my account, once I gave her my PII she told me my account was under review for closure the

16   defendants and truist bank told me my account wasn't closed but under review, I asked her what exactly did that

17   mean she said my account was under review and I was unable to access my funds.

18       The defendants (Shelia and Steward) and Truist Bank is in violation **of The Banking Act No. 30**

19       Which states the customer funds should be released upon demand at the location in which the

20   account was opened. The defendants (Shelia, Steward) and Truist Bank are in violation of Breach of Contract in

21   **Molien v Kaiser Foundation Hospital (1980)** The plaintiff was a direct victim of defendant's negligence.

22       The actions of the defendant cause injury as a result I was a direct victim of their negligence.

23       **Barnett v Westminister**, the bank is suppose to protect their customer and honor check that are

24   written, not only did the defendants and Truist bank violate the Banking Act, but negotiated in bad faith and with

25   deceit and false misrepresentation of the facts when in deed the defendants (Steward, Shelia) and Truist Bank knew

26   for a fact the check was honored and had been cashed the check had been cashed July 2, 2019 and this was July 9,

27   2019 and the defendants and Truist Bank refuse to release my funds which caused me injury not having he ability to

28   have surgery and after a verbal agreement with defendant (Steward) telling me my funds would be available July 1,

ET AL

2019 eight days later the defendants and Trusit Bank continued to negotiate in bad faith and violate the banking laws as well as the contract agreement that we entered.

The defendants (Steward, Shelia) and Truist Bank , previously Sun Trust Bank are at least in violation **of Dobbs-Frank Act consumer protection laws** as well as returning funds upon demand. **Foley v Hill (48),** common law bank is in debt for the amount owed to plaintiff, the bank is not bound to keep customer funds. **Damayanthi v India Bank 1999** The bank promise to pay on demand terms of the contract are expressed and implied**. Norwich City v Harvey 1989** the case cites although the subcontractor was negligent, being in breach of the duty of care established in **Donoghue v Stevenson 1921** clearly intended that the employer should bear the whole risk of damages.

**Winterbottom v Wright 1842**, recognition of negligence was in respect of breach of contract. July 9, 2019 I called Sun Trust Bank was now Truist Bank and spoke with defendant (Lisa Rice),a customer service representative she told me she needed my personal identifier information to discuss my account I gave her my personal information and she refuse to give me any information in regards to my account and hang up the phone. On July 10, 2019 I called Truist Bank , previously Sun Trust Bank and spoke with defendant (Jenny) she told me my funds were available and she wasn't she why they wouldn't release my funds but I should be able to go into a  and get my funds, defendant (Jenny) told me should would notate my account, after I hung up the phone with defendant (Jenny) I called the automated line and it gave me the balance and stated my funds were available.

I went to the atm to retrieve my funds and was unable to get my funds. The defendants (Jenny) and Truist Bank, previously Sun Trust Bank is negligent for Breach of Contract **Winterbottom v Wright,** recognition of negligence was in respect of breach of contract. **Norwich City v Harvey** being in breach of duty of care.

 **Coggs v Bernard** any man who undertakes to do an act is liable to an action if because of his neglect damage occur**, Law of Bailment** deposits any accounts that allows money to be deposited is responsible.

**Tort Deceit/False Misrepresentation: Sweetman v Nathan & Others:** Tort deceit involves a false representation made by the defendants, who knows it to be untrue, or who has no belief in its truth, or who is reckless as to its truth. If the defendants intended that the plaintiff should act in reliance on such in standard chartered bank a company making a false statement on a bill of lading would be held liable for the tort of deceit when it knew that the bill must be relied upon by bankers and others making arrangements on its contents, as did the ET AL

defendants (Steward) and Truist Bank , previously Sun Trust Bank knew I had a reliance on funds being available and refuse to release the funds and continued to hold the funds 9 (nine) days later.

July 12, 2019 Defendants (Cynthia Williams) and Truist Bank , previously Sun Trust Bank called me from the home office in Atlanta, Ga around 11:00 am Est, defendants (Cynthia Williams) informed me that the issues with my account was resolved and I could go to the old town location where I opened the account and pick up my funds, I asked her was she sure at that time I was severely ill and was in the bed when she called she told me to wait a couple of hours and go and pick up my funds it took me a while to get dressed I was bleeding and in pain.

I was able to drive to the old town location when I made it I went to the teller and wrote a check to get the funds and the bank teller told me my account was frozen and she couldn't release my funds I told her that the home office had called me and told me I could come and pick up my funds so, I went back to bank manager (Steward) defendant and he told me to have a seat and he would call and find out I told him home office called defendant (Cynthia Williams) called and told me to come and pick up my funds.


Defendant (Steward) told me he didn't have my check and he called another lady he refused to call defendant (Cynthia Williams) after he spoke with another lady on the phone he told me he didn't have my funds and they refused to release my funds I left the bank. The defendants and Truist Bank is at least in violation of Banking Act No. 30 which states the bank is suppose to release funds upon demand ,the defendants and Truist Bank are in violation of Depective Trade Practice Act: Earles v Barcly 09 carry out full proper disclosure from of meeting before contract was signed. **Barton v Owen 77** complaint was to allege Owen knew of Barton heart condition **Deery v Peek** negligent misrepresentation, **Campbell v Alion, Dickman v Capparo** harm was result of defendant's conduct.

July 13, 2019, I was rushed to the hospital with life threating symptoms I was bleeding and set up gangrene in my face for lack of surgery due to lack of funds that the bank was holding, and twelve days later still refused to release the funds. The defendants and Truist Bank, previously SunTrust Bank is liable for injuries sustained and suffered, is negligent for breach of contract, deceit/false misrepresentation, vicarious liability, deceptive trade practice e banking act

**Donoghue v Stevenson** lady purchased soda had a snail in it the owners owed a duty of care to the customer as with Truist Bank owed a duty of care to myself as a customer, Banking Act No.30 the bank is suppose to pay on demand, **Standard Chartered Bank v Pakistan National Ship** tort deceit company making a ET AL

false statement such as defendants and Truist Bank , previously SunTrust Bank made a false and misleading statement telling me my funds would be available July 1, 2019 **Coggs v Bernard** any man who undertakes to do an act is liable to an action if because of his neglect damages occur. Defendants (Steward) and Truist Bank, previously SunTrust Bank actions did cause injuries and near-death experience I plaintiff suffered due to know negligence of my ow. **Earles v Barclay Bank 09** carry out full proper disclosure of contract from beginning to the end, in which the defendants (Steward) told me from the beginning of the relationship my funds would be available July 1, 2019 that was the only reason I agreed to open the accounts. **Ellinger's Modern Banking Law** states sum are payable upon demand. **Niru Bartley manufacturing Co Bank Seph Iran v Milestone Trading Limited** causation of loss,

deceit a wrong arising out of a false statement a fact made by one- person entity knowingly or recklessly with the intention that it should be acted upon by another person.

The defendants and Truist Bank is liable for all violations July 16, 2019 I received a call from Truist Bank, previously SunTrust Bank from operations manager defendant (Jodi Meadows) in regards to the account she informed me she would be looking into the matter and would be contacting me once she had all of the details. **Three days later July 19, 2019** I received a call from defendants and Truist Bank, previously Sun Trust Bank (Jodi Meadows) **she informed me she had spoken to the issuer of the check** and that she would be **mailing the issuer of the check**, the check and I asked her who gave her permission to call the issuer of the check and speak **on my behalf**? I stated when I call the issuer of the check I have to give out my **personal identifier information and I stated I didn't give you permission to speak with anyone on my behalf** or my daughter behalf and I most definitely didn't give you permission to give put my personal information to anyone.

**Doe v Chao 540 U.S. 614** Doe sued social security on behalf of giving out his personal identifier information without his permission. **Glass Stegall Act of 1933** prohibits Banking Institutions from giving out customers personal Identifier information without their permission. **Gramm-Leach-Bliley Act** Prohibits Banking institutions from giving out personal identifier without customer consent or first notifying the customer.

Defendants (Jodi Meadows) and Truist Bank, previously SunTrust Bank was put on notice that day I told defendant (Jodi Meadows I would see her in court and she stated she would be putting the check in the mail I told her she could do whatever she wanted with the check and I hung up the phone**.**

ET AL

**July 20, 2019** I received **another call from defendants (Jodi Meadows) and Truist Bank** and she said she called to inform me she had **spoken back with the issuer of the check and that she would be mailing the issuer of the check the check back** and I asked her how could **she mail a check that's been cashed? Ellinger's Modern Banking,** Laws states pay **customer on demand at the location where the account was opened, the hand books states mail the customer the check,** either way defendants and Truist Bank refused to follow the laws of the Banking Institution as well as their own rules and regulations. The defendants are at least negligent of Breach of Contract, The Banking Act No. 30, Unfair Deceptive Trade Practice Act, Liability, Vicarious Liability and Injury due to their actions

I asked defendants (Jodi Meadows) and Truist Bank how could she mail a check back that was **fraudulent,** I made a statement that they were laundering money and I stated that I would see her in court because she has broken all banking laws as well as rules and regulations of the bank she was suppose to mail me the check or allow me to pick it up at the bank. The defendants (Jodi Meadows) and Truist Bank, previously SunTrust Bank is in violation of **The Banking Act No.30**

**As of February 9, 2020,** Truist Bank, previously SunTrust Bank is still in violation of the banking act no.30 as well as the rules and regulations of the bank.

**I didn't receive a check in the mail from Truist Bank,** previously SunTrust Bank nor was I **able to go into the old town location where I opened the account and pick up my funds** due to defendants (Steward) and now Truist Bank previously Sun Trust Bank refusal to honor the rules and regulations of the bank as well as abiding by the federal laws and guidelines. **The Banking Act No. 30** states the customer is supposed to get **money on demand with checque written**. The defendants and Truist Bank presently, previously, SunTrust Bank refuse to follow the federal guidelines for Banking Institutions as well as their own rules and regulations. **The Dobbs-Frank Act** stipulates the consumer should be paid on demand as well as protected. **Donoghue v Stevenson** states the consumer is **owed a duty of care** when in use of the company products.

**I am petitioning the courts to hold the Defendants responsible for injuries sustained, all losses incurred from June 28, 2019 to the present – for the inability to have surgery, inability to return to work, loss of income and my home, subsequent lapse in payments, my daughter's education and more.**

ET AL

## COUNT VI: PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of her daughter, prays for relief as follows:

A.  An order declaring Defendant's conduct to be in violation of applicable law;

B.  An order declaring Defendant's removal of myself and daughter's personal identifiable information from "Truist" Bank's (formerly SunTrust Bank) database;

C.  Monetary damages, including but not limited to any compensatory, economic, non-economic and consequential damages for the counts listed: Negligence, Breach of Contract, Privacy Rule under Title V of the Gramm-Leach Bliley Law, Unfair and Deceptive Trade Practices, Liability, Vicarious Liability, Deceit and False Representation, The Banking Act and Physical and Emotional Injury;

D.  Punitive damages in accordance with proof and in an amount consistent with applicable precedent;

E.  An award to Plaintiff of $199 Billion Dollars;

F.  For such other and further relief as may be deemed just, necessary, or proper.

ET AL

RESPECTFULLY SUBMITTED AND DATED this 11th day of MARCH 2020.

By: ROSS WADE

202-710-6442

New Address:
4850 Rugby Ave
Bethesda, MD.
20814

ET AL