IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

ROSSI WADE  & DAUGHTER (JANE DOE)

        PLAINTIFFS,

V                                CIVIL ACTION NO. 8:20-CV-00656-GJH

TRUIST BANK, ET AL

        DEFENDANTS

**AMENDED COMPLAINT**

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND COMPLAINT IN OPPOSITION OF DEFENDANTS" MOTION TO DISMISS"**

Defendants Truist Bank, successor by merger to Sun Trust Bank (Truist Bank), filed a motion to dismiss the complaint stating it barred by res judicata.  The seventh amendment of the constitution states: In a suit at common law, where the value exceed twenty dollars ($20.00) the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any court of the United States then accordingly to the rule of common law.

The complaint that was previously submitted in court, and to the defendants only stated the incidents which took place, there was no evidence marked as exhibits included in the complaint submitted. In the initial complaint it only petitions the court stating relief should be granted was submitted.

In this motion to dismiss filed by defendants it failed to show how res judicata or collateral estoppel apply to this complaint.  I am asking the court to remand the complaint on its merits.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBET DIVISION

ROSSI WADE & DAUGHTER (JANE DOE)
       PLAINTIFFS,

V

                     CIVIL ACTION NO. 8:20-CV-00656-GJH

TRUIST BANK, et al.

    DEFENDANTS,

**AMENDED COMPLAINT**

**PLAINTIFFS MEMORANDUM IN OPPOSITION OF DEFENDANTS MOTION TO DISMISS THE PLAINTIFFS COMPLAINT FILED TO STATE A CLAIM UPON WHICH RELIEF SHOULD BE GRANTED**

The Defendants filed a motion to dismiss the complaint stating the complaint was identical and I failed to state a claim upon which relief should be granted. On the contrary, the complaint I submitted is not identical and as you will see in documents submitted, it will show I have stated a claim upon which relief should be granted. According to the rules of Civil Procedure and the United States District Courts, a complaint is a formal legal document that sets out the facts and legal reason that the filing party/parties believe are sufficient to support a claim against the parties whom the claim is brought that entitles the Plaintiffs to a remedy.

2.

## FACTUAL ALLEGATIONS

### COUNT: I

### NEGLIGENCE, LIABILITY AND DECEPTIVE TRADE PRACTICE ACT:

June 28, 2019, Plaintiffs went into SunTrust Bank, now Truist Bank, to open an account. I expressed to the individual defendant, M. Steward, I wanted to open some accounts but needed a definite date the funds would be available. Monday July 1, 2019 I was scheduled for surgery and needed funds to be available before surgery. Due to the doctor's hectic schedule, I could not miss my appointment because the next available date which was in March of 2020. The doctor expressed to me this was an emergency surgery. Defendant M. Steward stated the funds would be available and at that point myself and daughter opened the accounts.

**EXHIBIT: A (COPY OF THE CONTRACT BETWEEN MYSELF, MY DAUGHTER AND TRUIST BANK)**

Monday, July 1, 2019, I went into the Sun Trust Bank now Truist Bank, located at 515 King St., Alexandria, VA to withdraw funds. I walked in the and saw bank manager M. Steward. He asked if he could help me, I said I needed to get cash before I check in for surgery, I presented a check for $1300.00 to be cashed.

**EXHIBIT: B (A COPY OF THE CHECK TO BE CASHED FOR $1300.00)**

The individual defendants M. Steward told me to come into his office he pulled up my account and said my funds were not available.

The individual defendants and Truist Bank now was Sun Trust Bank is at least negligent for statements disseminated with these materially false and misleading statements that is false representation of facts, representations made false with intention to make plaintiff to act upon belief to be true.

Which contained statements that in violation of Deceptive Trade Practice Act (FTC ACT SECT.5) (15 USC &45), in light of circumstances under which they were made, omitted to state material facts necessary to make the statement therein not materially false or misleading.

3.

## COUNT: I

## NEGLIGENCE, LIABILITY, AND DECEPTIVE TRADE PRACTICE ACT

## FACTUAL ALLEGATIONS:

Sun Trust Bank, now Truist Bank, is liable as the issuer of these statements, by virtue of their position within the company, the individual defendants were aware of this information and their duty to disclose the correct information to the Plaintiffs upon opening these accounts.

Truist Bank and defendants are liable for omissions, where reliance has been induced, when control has been assumed, and special relationships between two parties which confer an obligation.

Omission in this case, Donoghue v Stevenson (32), a case where Stevenson sealed the bottle in such away it was impossible to inspect it before use. Omission in this case in order to make an informed decision one would have had to have read rules and regulations/bank's policy before making an informed decision.

The individual defendants were at least negligent in Unfair and Deceptive Trade Practice Act, FTC Act 15 U.S.C.& 45 practice or act that's deceptive, unethical, misrepresentation of goods or services, the defendant (Steward) Truist Bank was Sun Trust Bank failure to deliver the quantity or quality of goods or services contracted.

Weitzel v. Barnes 691 S. W. 2d. case in DTPA is where oral representation can serve as a basis of DTPA where defendants and Truist Banks stated on June 28, 2019 that funds would be available upon going to withdraw funds defendant stated that funds were not available and he couldn't release them.

4.

## COUNT: II

## NEGLIGENCE, BREACH OF CONTRACT, DTPA

## FACTUAL ALLEGATIONS

The individual defendants and Truist Bank, previously SunTrust Bank, by virtue of their position as officers and/or directors of Truist Bank, participated in and/or was aware of the company's policy and/or rules and regulations they drafted in their handbook and was aware that a potential customer wouldn't be privy to that information until they opened an account. These officers and/directors Kelly S. King, William H. Rogers, Jennifer S. Banner, K. David Boyer Jr., Michael Maguire, Ellen Fitzsimmons, Ellen Koebler, Scott Case, Donta Wilson, Brant Standridge and Cynthia B. Powell has knowledge of day-today operations and has authority to make on the spot decisions when conflicts arise.

**EXHIBIT:  E (A COPY OF SUNTRUST'S HANDBOOK, RULES AND REGULATIONS)**

The defendants and Truist Bank, previously SunTrust Bank, had knowledge of the false statement and had the power to influence and control, and did influence and control, directly or indirectly.

The decision making of the employees including the contents and dissemination of various statements that the Plaintiff contents are false and misleading.

Dorset Yacht Co. v Home Office (1970) shows how a duty to take such care was reasonable in all circumstances, they had a duty to prevent a person under their control from causing damage and did not. The defendants and Truist Bank had direct control over the transactions, as well as, knowledge of the rules and regulations disclosed in the handbooks therein which states 'next day availability.

That information was omitted and/or misrepresented, by the defendants and Truist Bank, previously SunTrust Bank. When I went to the Truist Bank's branch, the branch manager said the funds would be available on July 1, 2019. Upon returning to Truist Bank, previously SunTrust Bank, defendants and Truist Bank told me funds were not available and I should return July 2, 2019.

By virtue of the fore going, the individual defendants and Truist Bank violated tort(s) negligence duty of care. Ann v Merton Plaintiffs were tenants in flats suffered damaged due to not performing an inspection from the beginning of the relationship, defendants were held

accountable for owe a duty of care, the defendants refused to honor agreement made from the beginning of our relationship in releasing funds July 1, 2019 and later told me to come the following day and funds would be available. The individual defendants and Truist Bank are liable for tort: negligence for a breach of contract and standard of conduct.

## COUNT: II

## NEGLIGENCE, BREACH OF CONTRACT, DTPA

## FACTUAL ALLEGATIONS

March v Stramare (E & MA) PTY, LTD. This case shows a "but for" test in concluding if not for defendants and Truist Bank failure to exercise appropriate and/or ethical ruled care injuries sustained wouldn't have occurred.

The omissions on the part of the defendants and Truist Bank was the proximate cause of the injuries sustained and would show violations for Breach of Contract by virtue of act and omissions on the part Truist Bank and defendants are negligent for the violations of the companies act of 1985/2006, and Articles of Association. Articles which set responsibilities of the companies and its directors as is with Truist Bank and defendants who recently had a merger with BB&T Bank.

Based upon prior actions of the Sun Trust Bank and BB &T should have investigated rules and regulations in board meetings that were held prior to this merger as well as conduct of employees alone with complaints from its customer, before any companies merge they have full knowledge of daily operations as well as assets current and previous alone with current cash flow as records indicate. Crandler v Crane, Christmas & Co case showing defendants negligence in a statement of misrepresentation/misstatement as in relations to June 28, 2019 the statement that was made by said defendants and Truist Bank directly to Plaintiffs regarding release of funds. This case shows how defendants and Truist Bank is at least negligent of misstatement.

6.

## COUNT: III

## TORT NEGLIGENCE, BREACH OF CONTRACT, DECEPTIVE TRADE PRACTICE, LIABILITY, STRICT- LIABILTY, DECEIT/FALSE REPRESENTATION, AND BANKING ACT NO. 30

## FACTUAL ALLEGATIONS:

July 1, 2019 defendants Truist Bank was SunTrust Bank Steward told myself and daughter (Jane Doe) to come back on July 2, 2019 because the funds were not available Steward assured me the funds would be available.  On Tuesday July 2, 2019 myself and daughter( Jane Doe), went to the Truist Bank now was Sun Trust Bank located: 515 King Street Alexandria, Va. July 2, 2019 to withdraw funds and close the account we walked into the bank and went to the teller with a check for twenty to cash the teller told me the funds were not available I went to see bank manager M. Steward.

**EXHIBIT: D (COPY OF THE CHECK WRITTEN TO BE CASHED 7/2/19).**

Defendants Truist Bank now was Sun Trust Bank, bank manager M. Steward told me the funds were not available the account was flagged for fraud, that the account was under investigation because the check was fraudulent pending closure.

**EXHIBIT: C (CONFIRMATION NUMBER SHOWING CHECK WAS CASHED AND FUNDS WERE RELEASED - TRUIST BANK).**

Norwich City Council V. Harvey 1989, (duty of care- liability in negligence), on the facts of the case there was no dispute that, if Briggs and Harvey owed a duty of care to NCC to take care to avoid damage to NCC property, then they were in breach of that duty and liable to NCC. The invitation to tender issued by Bush and Briggs and the acceptance of the tender delivered by Bush to Briggs that the work was to be carried out was bound by terms of the contract.

In opinion present state of law on the questions, whether there or not a duty of care exist is that save were there is already good authority that in circumstances there is such a duty, it will only exist in novel situations where not only is there foreseeability of harm but also a close direct relation between parties.

The Defendants (Steward bank manager), knew of the foreseeability of harm when he announced that the funds

would be available July 1, 2019 Monday the day, I was scheduled to have surgery when I asked him June 28, 2019 before opening the account. The defendants and Truist Bank now at that time was known as Sun Trust Bank is at least liable for negligent tort for duty of care one in which caused injury.

7.

## COUNT: III

### NEGLIGENCE, BREACH OF CONTRACT, DTPA, LIABILITY, STRICT LIABILITY, DECEIT/FALSE MISREPRESENTATION AND THE BANKING ACT NO. 30

### FACTUAL ALLEGATIONS

In Derry v Peek, this case states where an insurer owes the insured an duty of utmost good faith, the insurer must not ignore facts which they know or of which they have Nelsonian blindness Pill Lj went further to require insurer to act in good faith. He took a view that avoidance for non-disclosure or misrepresentation is akin to rescission for misrepresentation under the general Law of Contract, disclosure duty of major significance because they show that modern judicial are engaged in a process eroding the harness of the duty of utmost good faith and a duty of good faith.

In this case defendants (Steward bank manager) Truist Bank was Sun Trust Bank knew for a fact July 2, 2019 when I went into the branch to withdraw funds that in fact the funds were available and that the check had been cashed but defendants (Steward) and Truist Bank now was Sun Trust Bank stated that the funds were not available.

Defendants (Steward) and Truist Bank now was Sun Trust Bank continued to make false and misleading statements and misrepresentation of the facts to myself and daughter, when the defendants (Steward) & Truist Bank now was SunTrust Bank in fact knew the funds were available and refused to release them, by not releasing the funds the defendants (Steward) & Truist Bank continued to break the law by refusal to release my funds.

Defendants Steward and Truist Bank officials were in violation of Banking Laws, in violation of Holding funds, tort negligence, breach of contract, were in violation of Deceit and False Misrepresentation, Unfair Deceptive Trade Practice Act, and Vicarious Liability which resulted in Plaintiffs, injures /physical harm in which defendants (Steward)& Truist Bank now was Sun Trust Bank actions caused.

**EXHIBIT: J (COPY OF CURRENT MEDICAL BILLS. SINCE THE DELAY IN SURGERY I HAVE TO HAVE THREE SURGERIES NOW INSTEAD OF ONE).**

## COUNT: III

## TORT NEGLIGENCE, BREACH OF CONTRACT, DECEPTIVE TRADE PRACTICE, LIABILITY, STRICT- LIABILTY, DECEIT/FALSE REPRESENTATION, AND BANKING ACT

## FACTUAL ALLEGATIONS

The Banking Act No. 30 of 1988 [As amended] defines the term "banking business" as: "

the business of receiving funds from the public through the acceptance of money deposits payable upon demand by cheque, draft, order or otherwise, and the use of such funds either in whole or in part for advances, investments or any other operation either authorized by law or by customary banking practices.

Joachimson v. Swiss Bank Corp 13 by Lord Justice Atkin gives a lucid account of the basic common law duties of a bank towards its customer, arising out of the general contract between the bank and the customer. His Lordship stated:

"The bank undertakes to receive money and to collect bills for its customer's account. The proceeds so received are not to be held in trust for the customer, but the bank borrows the proceeds and undertakes to repay them. The promise to repay is to repay at the branch of the bank where the account is kept, and during banking hours. It includes a promise to repay any part of the amount due against the written order of the customer addressed to the bank at the branch, and as such written orders may be outstanding in the ordinary course of business for two or three days, it is a term of the contract that the bank will not cease to do business with the customer, except upon reasonable notice. The customer on his part undertakes to exercise reasonable care in exercising his written orders as not to mislead the bank or to facilitate forgery. I think it is necessarily a term of such a contract that the bank is not liable to pay the customer the full amount of his balance until he demands payment from the bank at the branch at which the current account is kept."

Accordingly, the main duty of a bank towards its customer is to repay the money borrowed from the customer. However, this duty is subject to certain conditions aimed at realities of banking practice and business efficacy. It is an implied term in the contract between the bank and its customer that the bank is not liable to repay the customer until demand is made for repayment. Until then, there is no presently due debt owed by the bank to the customer. Although, an oral demand would be technically sufficient to be termed as a valid demand, the normal practice adopted by banks is to consider a cheque or passbook as a demand, apart from the e-banking and mobile-banking methods.

9.

**COUNT: III**

**TORT NEGLIGENCE, BREACH OF CONTRACT, DECEPTIVE TRADE PRACTICE, LIABILITY, STRICT- LIABILTY, DECEIT/FALSE REPRESENTATION, AND BANKING ACT**

**FACTUAL ALLEGATIONS**

Once the mandate is given by the customer to his/her bank and becomes binding on the bank, the bank has a duty to act on the said mandate. Any failure of the bank to act as stipulated in the mandate given by its customer would result in breach of contract on the part of the bank. When the bank acts outside the authority conferred by the mandate, effects of such acts will not be binding on the customer and therefore, bank alone would be liable for any loss incurred thereby. Acting beyond the customer's authority may also amount to breach of contract on the part of the bank.

Cheque Transactions

The Bills of Exchange Ordinance No. 25 of 1927 [As amended] defines a "cheque" as a bill of exchange drawn on a banker payable on demand.

The bank must pay cheques drawn by a customer in legal form on the branch where the customer's account is maintained subject to certain requirements. These requirements include:

1. The cheques should be presented for payment during banking ours or within a reasonable margin of time after the bank's advertised hour of closing.

2. There should be sufficient funds in the customer's account to meet the cheques drawn by the customer or else a prior arrangement should have been made by the customer with the bank for the payment of the cheques drawn by him/her.

3. There should be no legal impediments to the payment of the cheques. The cheque is also required to be drawn in proper form.

## COUNT: III

## NEGLIGENCE, BREACH OF CONTRACT, DTPA, LIABILITY, STRICT LIABILITY, DECEIT/FALSE MISREPRESENTATION AND THE BANKING ACT NO. 30

### FACTUAL ALLEGATIONS

If the above requirements are satisfied the bank is obliged to pay the cheques drawn by its customer and if it breaches this duty the customer would be entitled to claim for damages from the bank. Dobbs-Frank Act This law is consumer protection safeguarding buyers of goods and services and the public, against unfair practice in marketplace, such laws are intended to prevent businesses from engaging in fraud or specific unfair practice misrepresentation. The law also mandate that banks are supposed to release funds upon demand of payment from the consumer at the bank and location where the account was opened

Based upon laws presented and facts defendants (Steward) Truist Bank now was Sun Trust Bank is at least in violation of The Banking Act No.30, Dobbs-Frank Act, Strict Liability, Liabilty, Tort Negligence, Breach of Contract, Deceptive Trade Practice Act, Deceit/False Representation, and The Gramm-Leach Act.

**FACTUAL ALLEGATIONS**

COUNT: IV

**NEGLIGENCE, BREACH OF CONTRACT, DECEPTIVE TRADE PRACTICE ACT, LIABILITY, STRICT LIABILITY, MISREPRESENTATION, DECEIT/FALSE MISREPRESENTATION AND PRIVACY ACT.**

**Plaintiffs repeats and reallege allegations as if set forth herein:** Defendants, Steward and Truist Bank, previously Sun Trust Bank state:, July 3, 2019 **that the account was closed** when I went to the Old Town location where I opened the account. Defendants, (Steward) and Truist Bank told **me funds were not available,** I could not close the account **or get my money.**

**Bank manager Steward said** the check was **fraudulent,** I advised Bank Manager Steward defendant and Truist Bank that I was for certain nothing was wrong with the check.

**EXHIBIT: 1 (COPY OF CUSTOMERS COMPLAINTS FOR THE INABILITY TO ACCESS FUNDS ONCE THEY OPENED ACCOUNTS).**

Defendants (Steward) and Truist Bank, previously Sun Trust Bank violated **The Banking Act No. 30.** which **states upon demand of funds the bank is supposed to honor** the consumer wishes and release funds.

The defendants (Steward) and Truist Bank, previously SunTrust Bank is liable for duty of care in **The Mechanics Bank v Bank of Columbia 5** case states liability lies when its within!! the **scope of employment** defendants (Steward) **was in the scope of employment and master had knowledge** of his actions, the defendant (Steward) followed rules of his master in the performances of his duties.

**As documents show** this is not the first case in which Sun Trust Bank now Truist Bank have **taken possession of customer money and refuse to release the funds upon demand**. The defendants and Truist Bank are is violation of **the Unfair Deceptive Act or Practices** by State Chartered Banks in misrepresentation, or omission when making statement to the customers.

12.

## COUNT: IV

## NEGLIGENCE, BREACH OF CONTRACT, DECEPTIVE TRADE PRACTICE ACT LIABILITY, STRICT LIABILITY, MISREPRESENTATION, PRIVACY ACT DECEIT/FALSE AND MISREPRESENTATION

### FACTUAL ALLEGATIONS:

I left old town location of Truist Bank and went to the Richmond Highway Branch I ask to speak with the bank manager I was told his name was **Stephon Cumberbatch**, I ask him to look at my account because I I wanted to get **my funds and close the account**.

Defendants (Cumberbatch) ask for my account number I gave him a check. Defendants (Cumberbatch) and Trusit, previously Sun Trust Bank informed me the check had not cleared and notified me that I couldn't close my account, I asked him why?

Defendants (Cumberbatch) and Truist Bank stated he couldn't access the screen and he went to retrieve his handbook I asked him what was he doing? I said what kind of bank manager can't access his computer screen and what was the hand book going to tell me about my personal account defendants (Cumberbatch) stated I can do more than access a computer screen I am a computer programmer, I know how to work a computer.

I told defendants (Cumberbatch) and Truist Bank, previously SunTrust Bank that they were doing something illegal defendants (Cumberbatch) and Truist Bank, previously Sun Trust Bank.

Defendants (Cumberbatch) laughed and stated you're not getting your money, they are not holding my money, they're holding yours after hearing that I walked out of his office and left.

Defendants (Cumberbatch) and Truist Bank, previously Sun Trust Bank is at least negligent for fraud and misrepresentation. **Palsey v. Freeman** where the plaintiff was a merchant and ask the defendant for credit reference and the defendant lied to the plaintiff about the credit reference and sold him goods on credit and the plaintiff sued him for fraud and misrepresentation. **Thornton v Shoe Lane Parking LTD, (1970) A clause can't be Incorp., after a contract has been concluded without reasonable notice before.**

13.

## COUNT: IV

## NEGLIGENCE, BREACH OF CONTRACT, DECEPTIVE TRADE PRACTICE ACT LIABILITY, STRICT LIABILITY, MISREPRESENTATION, PRIVACY ACT: DECEIT/FALSE MISREPRESENTATION

### FACTUAL ALLEGATIONS

**Hedley v Baxendale 1854**, Where two parties have made a contract which one of them have broken. The damages which the other party ought to receive in respect to such breach should be such as made fairly and reasonably be considered arising naturally.

**Coggs v Bernard** any man who undertakes to do an act is liable to an action if because of his neglect damages occur. **Watteau v Fenwick (liability),** An undisclosed principal can be held liable for the actions of an agent who is acting with authority that is reasonable for a person in the agents' positions whether the agent has the actual authority to do so.

**Exhibits: 2 Presidents/directors: Kelly S. King, William H. Rogers, Jennifer S. Banner, K .David Boyer, Michael Maguire, Ellen Fitzsimmons, Ellen Koebler, Scott Case, Donta Wilson, Brant Standridge, and Cynthia B. Powell are undisclosed principal with authority to make changes and refuse.**

**Rama Corp. LTD., v Proved Tn & Gen. Inv**. Osentensible or apparent authority is merely a form of estoppel, there is no holding out by the company that its director has the power to contract, unless the other party has acted on the knowledge of the power of delegation in the Articles. " The defendants (Cumberbatch) and Truist Bank, previously Sun Trust Bank is in violation of the Ellinger's Banking Law return money on demand 1988.

### EXHIBIT: 2 BANK OFFICERS LISTED ABOVE

The Bank manager had authority to release funds upon demand and refuse to when he knew the funds had cleared and in fact was available. **Space inv. LTD., v Canadian Imperial Bank of Commerce** states administered by law free from risk and misappropriated trust money by treating the trust money as though it belongs to the bank. The defendants (Cumberbatch) and Truist Bank, previously SunTrust Bank is liable for tort negligent acts against the Plaintiffs for holding of funds and injury.

14.

## COUNT: IV

## NEGLIGENCE, BREACH OF CONTRACT, DECEPTIVE TRADE PRACTICE ACT LIABILITY, STRICT LIABILITY, MISREPRESENTATION, PRIVACY ACT DECEIT/FALSE MISREPRESENTATION

### FACTUAL ALLEGATIONS

I left the Richmond branch Truist Bank drove to the Kingstown branch of Truist Bank, previously SunTrust Bank when I walked in the bank, I asked to speak with the bank manager. One of the officers told me have a seat he was with a customer and he would be with me momentarily. I took a seat and waited five minutes passed and he called me into his office.

I followed defendants (Patrick) Bank manager, I briefly informed him of my situation and I told him I wanted to speak with someone in the home office and he advised me he would send an email to corporate office and have someone to contact me. I informed bank manager Patrick that I wanted to close my account bank manager Patrick at Truist Bank now since merger told me he was unable to give me my funds.

Defendant (Patrick) and Truist Bank stated I would be given a call within 24 hrs. Later that day Lisa Evans gave me a call and stated she said my account was pending closure and she didn't know why I told her I wanted to speak with the bank President William Rogers or John Gregg she told me I couldn't speak with the bank president but she would have someone to give me a call.

**EXHIBIT: 3 TELEPHONE RECORDS**

The defendants (Lisa Evans) and Truist Bank, previously Sun Trust Bank is liable for Negligence, Fraud, Deceit, False Misrepresentation, Breach of Contract, Liability, The Banking Act, Physical Injury. The case **Earles v Barclay** cites the defendant's failure to disclose full and proper disclosure as with Truist Bank refusing to fully disclose facts regarding accounts.

## COUNT: IV

### NEGLIGENCE, BREACH OF CONTRACT, DTPA, LIABILITY, STRICT LIABILITY DECEIT/FALSE REPRESENTATION, AND BANKING ACT NO.30

### FACTUAL ALLEGATIONS

**Richardson v. Ham 1955**, Richardson concluded the duty owned by the defendants (Lisa Evans) and Truist Bank included a duty to protect the plaintiffs from intentional misconduct and such misconduct did not constitute a superseding cause of the plaintiff harm.

**Warner v Santa Catalina Island Co. 1955** abstract in an action for damages for loss of eyesight after a bullet ricocheted and shattered in a shooting gallery, injuring plaintiff's eye, a nonsuit was granted in error to the bullet manufacturer; evidence of negligence was sufficient to go to the jury. Defendants (Lisa Evans) and Truist Bank are at least in violation of negligence of injury, **False Misrepresentation, Breach of Contract, Dobbs-Frank Act, Fraud and Deceit. This law provides consumer protection in the event of fraud and misrepresentation**

**Hale v Pacific Tel & Tel Co. 1955**, This case ruled in favor of plaintiff for damages, not disputing the contention of the respondent that the intention of the parties expressed in the contract must govern, and that in absence of express provision in the contract, it seems clear to us that these principals have no application to this case.

 The defendants (Lisa Evans) and Truist Bank, previously Sun Trust Bank the principals they applied in making fraudulent statement and deceived the customer by misrepresenting the product and contract as well as the banking laws and Acts which state a customer should be paid upon demand when request, when defendants: ( Evans, Patrick, Cumberbatch, and Steward), knew for a fact the funds had cleared and continued to refuse to

release my funds upon demand.  The Defendants and Truist Bank, previously Sun Truist Bank in fact is liable for tort negligence and all **counts re-allege from 1-3.**

**EXHIBIT: DEFENDANTS CUMBERBATCH, STEWARD, PATRICK REFUSED TO ABIDE BY THE LAWS THAT GOVERN BANKING)**

**EXHIBIT: COMPLAINTS FILED BY OTHER CUSTOMER OF TRUIST BANK NOW WAS SUNTRUST BANK WHERE THEY REFUSED TO RELEASE FUNDS UPON DEMAND.**

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after reasonable opportunity for further investigaton or discovery; and (4) the complaint otherwise compiles with requirements of Rule 11.

I agree to provide the Clerk's Office with any change of address where case-related papaers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of Signing: _____

Signature of Plaintiff _____

Printed Name of Plaintiff _____

1