# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### Southern Division

| | | |
|---|---|---|
| **ROSSI WADE & DAUGHTER (JANE DOE),** | * | |
| | * | |
| **Plaintiffs,** | | |
| **v.** | * | **Case No.: GJH-20-0656** |
| **TRUIST BANK,** *et al.*, | * | |
| **Defendants.** | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

Plaintiff Rossi Wade and her daughter[1] bring this civil action against Defendants Truist

Bank, Suntrust Bank & BB&T Merger, Suntrust "Truist" Bank, Suntrust Holdings, Kelly S. King

(Truist Bank's Chairman & CEO), William H. Rogers (Truist Bank's President & CEO), Branch

Managers Maurice Steward and Stephon Cumberbatch, Operations Manager Jodi Meadows,

Executive Manager Cynthia Williams, and members of the Truist Bank Board of Directors—

Jennifer S. Banner, K. David Boyer, Jr., Agnes Bundy Scalan, Anna R. Cablik, Dallas S.

Clement, Paul D. Donahue, Paul R. Garcia, Patrick C. Graney III, Linnie M. Haynesworth,

Easter A. Maynard, Donna S. Morea, Charles A. Patton, Nido R. Quebein, David M. Ratcliffe,

Frank O. Scruggs, Jr., Christine Sears, Thomas E. Skains, Bruce L. Tanner, Thomas N.

---

[1] Although Plaintiff brings suit on behalf of herself and her daughter, pro se litigants generally may only represent themselves, not another party. *See, e.g.*, *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity."). Certain limited exceptions exist in the case of minor children, *see Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010) (citing the rule that "a next friend may not, without the assistance of counsel, bring suit on behalf of a minor party" but noting certain exceptions, such as claims to obtain secure social security benefits), but it is not clear here that such an exception applies, or even whether Plaintiff's daughter is a minor. Nevertheless, the Court need not decide this issue, as the action is barred by res judicata and will be dismissed.

Thompson, and Steven C. Voorhees. ECF No. 1. Plaintiff alleges claims of "Negligence, Breach

of Contract, Privacy Rule under Title V of the Gramm-Leach Bliley Law, Unfair and Deceptive

Trade Practices, Liability, Vicarious Liability, Deceit and False Representation, The Banking

Act and Physical and Emotional Injury," based on an incident in which Plaintiff was unable to

access funds in her bank account. *See id.* at 27. Pending before the Court is Defendants' Motion

to Dismiss, ECF No. 7, Plaintiff's Motion to Amend Original Complaint, ECF No. 16,

Defendants' Motion to Strike Amended Complaint, ECF No. 21, and Plaintiff's Motion for

Leave to File a Surreply, ECF No. 30. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018).

Because Plaintiff's suit is barred by res judicata, Defendants' Motion to Dismiss is granted.

Additionally, for the following reasons, Defendants' Motion to Strike is granted, Plaintiff's

Motion to Amend is denied, and Plaintiff's Motion for Leave is denied as moot.

## I.     BACKGROUND[2]

On June 28, 2019, Plaintiff went to SunTrust Bank—now, after merging with BB&T,

Truist Bank—to inquire about opening an account. [3] ECF No. 1 at 6. She told the branch

manager, Maurice Steward, that she would be having surgery on Monday, July 1, 2019, and

would need to be able to access the funds in her account on that date in order to pay for it. *Id.*

Mr. Steward assured her that she would be able to access the funds on July 1, 2019, so she and

her daughter opened an account. *Id.* at 6–7. Plaintiff attached a letter to her Opposition to

Defendants' Motion to Dismiss that appears to be from the Federal Reserve Bank of Atlanta.

ECF No. 10-12. It states, "[a] review of the information provided by [Plaintiff] and SunTrust

revealed that on June 28, 2019," Plaintiff opened checking and money market accounts with

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

[3] Unless stated otherwise, all facts are taken from Plaintiff's Complaint and are accepted as true. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011).

SunTrust Bank and deposited $20,164.00. *Id.* at 2. On July 1, 2019, Plaintiff and her daughter returned to the bank to withdraw $1,300.00, but she was told the funds were not available. ECF No. 1 at 7. Unable to access the requisite funds, Plaintiff had to postpone her surgery. *Id.* The following day, July 2, 2019, Plaintiff returned to the bank to withdraw the funds in the account and close it, but the teller again said that the funds were not available. *Id.* When she returned on July 3, 2019, she was told that her account was closed due to fraud. *Id.* at 8. Plaintiff had a series of additional interactions with bank employees concerning her account, but she did not receive the funds. *Id.* at 8–10. [4] Plaintiff has developed health complications due to the missed surgery that have prevented her from working. *Id.* at 9–10.

On October 1, 2019, Plaintiff filed suit against SunTrust Bank and Maurice Steward in the Circuit Court for the City of Alexandria, Case No. CL19003062. ECF No. 6-1. Defendants removed the case to the Eastern District of Virginia, where the court dismissed the action without prejudice for insufficient service and failure to state a claim, finding "[t]he Complaint's recitation of events does not set forth a viable cause of action. Plaintiff has not pleaded facts which support any cause of action, nor has Plaintiff identified any duty or contract that was breached, any intent to defraud, or a basis for the other causes of action upon which she relies." ECF No. 6-2 at 6 (*Wade v. SunTrust Bank & Employees*, No. 1:19-CV-1447, 2019 WL 8918916, at *2 (E.D. Va. Dec. 30, 2019)).

On February 20, 2020, Plaintiff filed a new action in the same court, this time also naming Jodi Meadows, Stephon Cumberbatch, Cynthia Williams, SunTrust Bank (using several variations of its name), and the entire Truist Board of Directors as defendants. ECF No. 6-3. The

---

[4] The letter from the Federal Reserve Bank of Atlanta, submitted by Plaintiff, states, "[u]pon review, the bank decided to terminate their business relationship with you and close your accounts. . . . The funds that were deposited were returned to General Insurance on July 19, 2019." ECF No. 10-12 at 2.

court, *sua sponte*, ruled that the complaint was "in fact an amended complaint in Plaintiff Rossi

Wade's earlier action, *Wade v. SunTrust Bank & Employees*, 1:19-cv-1447." ECF No. 6-4 at 2

(*Wade v. SunTrust Bank & Employees*, No. 1:12-cv-00169 (E.D. Va. Feb. 26, 2020)). The court

dismissed the complaint with prejudice, finding that "[t]he Complaint here has failed to remedy

the pleading deficiencies of the complaint in the first case, does not meet federal pleading

standards, and does not set forth a viable cause of action." *Id.*

On March 11, 2020, Plaintiff filed suit in this Court. ECF No. 1. The Complaint was

nearly identical to the one she had filed on February 20, 2020, in the District Court for the

Eastern District of Virginia, with few minor differences. *Cf. id. with* ECF No. 6-3. One

difference included a new address—Plaintiff and her daughter now state they reside in Maryland.

*Cf.* ECF No. 1 at 3 *with* ECF No. 6-3 at 4. Plaintiff also states in the "Jurisdiction" section of the

Complaint that "[t]he state of Maryland is where the incident occurred," ECF No. 1 at 3, where

the prior version had stated "[t]he state of Virginia is where the incident occurred," ECF No. 6-3

at 4, but the rest of the Complaint remains unchanged and details events taking place entirely in

Virginia, *see* ECF No. 1 at 6–26.

Defendants moved to dismiss the Complaint on April 20, 2020, ECF No. 5, 6, and filed a

corrected motion on April 24, 2020, ECF No. 7. Plaintiff filed an Opposition to Defendants'

motion on May 18, 2020. ECF No. 10. Plaintiff's Opposition contained another version of the

same Complaint with several additional allegations, including that Defendants, by barring

Plaintiff access to her funds, had cost Plaintiff's daughter a $100,000 educational scholarship, as

she was required to pay $10,000 in order to receive it and had been unable to do so. *Id.* at 15.

Plaintiff also restyled Count I as "Negligence, Liability, and Unfair Deceptive Trade Practice

Act, False Misrepresentation," [5] *id.* at 3, rather than "Negligence, Liability, and Deceptive Trade

Practice Act," ECF No. 1 at 11, and attached additional documents, such as copies of checks

deposited and medical bills, *see* ECF Nos. 10-3, 10-4, 10-5, 10-6, 10-7, 10-8, 10-9, 10-10, 10-11,

10-12, 10-13, 10-14, 10-15, 10-16, 10-17, 10-18, 10-19, 10-20. However, this version of the

Complaint did not contain the initial jurisdiction and venue sections, nor the initial statement of

the facts. *Cf.* ECF No. 10 *with* ECF No. 1. Defendants filed a reply on June 2, 2020. ECF No. 12.

Plaintiff filed a Motion for Leave to File a Surreply on July 23, 2020. ECF No. 30.[6]

On July 2, 2020, Plaintiff filed an Amended Complaint without requesting leave of the

Court. ECF No. 15. The Amended Complaint is similar to the version included in Plaintiff's

Opposition to Defendants' Motion to Dismiss—it lacks the jurisdiction, venue, and fact sections

that were included in the original Complaint, and it cites to exhibits that were attached to that

Opposition. *See id.* However, it does not include Count V or the Prayer for Relief. *See id.*

Plaintiff also attached several documents from the prior suit to the Amended Complaint: the first

complaint she filed in Virginia state court on October 1, 2019, ECF No. 15-1, Defendants'

Motion to Dismiss that first complaint in the Eastern District of Virginia, ECF No. 15-2, and the

court's first order dismissing that complaint, issued on December 30, 2019, ECF No. 15-3.

Five days later, Plaintiff filed a Motion for Leave to Amend Original Complaint, stating

that, through additional research, she had found that new officers, directors, managers, and

employees have been appointed at Truist Bank, and therefore she was supplementing the list of

---

[5] On other pages, Plaintiff states the claims as "Negligence, Liability, Unfair Deceptive Trade Practice Act, Fraudulent Misrepresentation." *See* ECF No. 10 at 5.

[6] "As a general rule, this Court will not allow parties to file sur-replies." *See Nicholson v. Volkswagen Grp. of Am., Inc.*, No. CIV.A. RDB-13-3711, 2015 WL 1565442, at *3 (D. Md. Apr. 7, 2015) (citing Local Rule 105.2(a) (D. Md.)); *see also Roach v. Navient Sols., Inc.*, 165 F. Supp. 3d 343, 351 (D. Md. 2015) ("Surreplies are highly disfavored in this District."). Nonetheless, the Court will consider the surreply but notes that the filing is unpersuasive and does not alter the outcome.

defendants. ECF No. 16. However, despite staying that she was submitting "the new list of names as well as the summons," she has not done so. *See id.*

On July 16, 2020, Defendants filed a Motion to Strike the Amended Complaint, ECF No. 21, and an Opposition to Plaintiff's Motion for Leave to Amend Original Complaint, ECF No. 22.

## II.     STANDARD OF REVIEW

To overcome a Rule 12(b)(6) motion, a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In evaluating the sufficiency of the plaintiff's claims, the Court accepts factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005). The Court should not grant a motion to dismiss for failure to state a claim unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (citing *H.J. Inc. v. Northwestern Bell Tel. Co*., 492 U.S. 229, 249–50 (1989)). Federal courts have an "obligation to liberally construe a pro se [c]omplaint" and may consider additional facts and information supporting the complaint that is provided in an opposition to a motion to dismiss. *Rush v. Am. Home Mortg., Inc.*, 2009 WL 4728971, at *3 (D. Md. Dec. 3, 2009).

## III.     DISCUSSION

The Fourth Circuit has held that "an affirmative defense such as res judicata may be raised under Rule 12(b)(6) 'only if it clearly appears on the face of the complaint.'" *Andrews v.*

*Daw*, 201 F.3d 521, 524 (4th Cir. 2000) (quoting *Richmond, Fredericksburg & Potomac R.R.*

*Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)). Furthermore, "when entertaining a motion to

dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior

judicial proceeding when the res judicata defense raises no disputed issue of fact." *Id.* Plaintiff

has not objected to the inclusion of records from the prior proceedings—indeed, she has attached

them to her Amended Complaint, ECF Nos. 15-1, 15-2, 15-3—and raises no dispute of fact.

Therefore, the Court's consideration of Defendants' res judicata defense is appropriate at this

time.

"Res judicata, also known as claim preclusion, bars a party from relitigating a claim that

was decided or could have been decided in an original suit." *Mbongo v. JP Morgan Chase Bank*,

N.A., No. PWG-14-1620, 2014 WL 3845443, at *3 (D. Md. Aug. 4, 2014), *aff'd*, 589 F. App'x

188 (4th Cir. 2015) (quoting *Laurel Sand & Gravel Co. v. Wilson*, 519 F.3d 156, 161 (4th Cir.

2008)). "For res judicata to prevent a party from raising a claim, three elements must be present:

'(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their

privies, and (3) a subsequent suit based on the same cause of action.'" *Ohio Valley Envtl. Coal.*

*v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (quoting *Aliff v. Joy Mfg. Co.*, 914 F.2d

39, 42 (4th Cir. 1990)). "Even claims that were not raised in the original suit may be precluded if

they arose from the same transaction or occurrence as those raised in the first suit and were

available to the plaintiff at the time of the first suit." *Id.* at 210–11.

Here, all three elements of res judicata are met. First, the Eastern District of Virginia's

second Order dismissing Plaintiff's suit on the basis of failure to state a claim did so with

prejudice, *see* ECF No. 6-4, and thus was a final judgment on the merits. *See Huang v. Salameh*,

No. CIV. PJM 06-2444, 2010 WL 3245375, at *2 (D. Md. Aug. 16, 2010) ("A dismissal with

7

prejudice satisfies the requirement of having a previous judgment on the merits."). Second, the matter involved the same parties or their privies, as the same plaintiff brought suit against the same defendants in each case. *Cf.* ECF No. 1 *with* ECF No. 6-3. Finally, the Complaint is nearly identical to that filed in the Eastern District of Virginia and raises the same claims as were raised in that action. *Cf.* ECF No. 1 *with* ECF No. 6-3. To the extent Plaintiff purports to raise any new claims—such as the additional claim of fraudulent misrepresentation or the allegations concerning her daughter's lost educational funding, ECF No. 10 at 3, 15; ECF No. 30-2 at 3— those claims arise from the same transaction or occurrence as those in the first suit and could have been previously raised. *See Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210–11 (4th Cir. 2009).[7] Thus, the doctrine of res judicata precludes relitigation of all of Plaintiff's claims in this case.[8]

Because the Court finds Plaintiff's claims barred, it will grant Defendants' Motion to Strike the Amended Complaint. Although Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave" to parties to amend pleadings "when justice so requires," Fed. R. Civ. P. 15(a)(2), leave should be denied where "the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (quoting *Johnson v. Oroweat Foods Co.*, 785

---

[7] Plaintiff also attempts to rely on *Lawlor v. National Screen Service Corp.*, 349 U.S. 322 (1955), to argue that "res judicata does not bar a suit, even if it involves the same course of wrongful conduct as alleged earlier, so long as the suit alleges new facts or a worsening of the earlier conditions." ECF No. 30-2 at 3. Plaintiff argues *Lawlor* thus prevents the application of res judicata in this case due to her allegations of her worsening medical conditions as well as the harm to her daughter related to the lost scholarship. *Id.* at 3, 7. Faced with a similar argument, the court in *Penades v. Republic of Ecuador*, determined, "*Lawlor* is inapposite, however, because in that case the court held that res judicata did not apply, because the conduct presently complained of [in the new action] was all subsequent to the [first] judgment, not because of some worsening of [ ] earlier conditions." No. 18CIV4493ATRWL, 2019 WL 3751401, at *5 n.1 (S.D.N.Y. Aug. 8, 2019) (alternations in original) (internal citations and quotation marks omitted); *see also Davis v. Ocwen Loan Servicing, LLC*, No. 3:18-CV-2720-B-BN, 2020 WL 2110590, at *3 (N.D. Tex. May 4, 2020) (rejecting same *Lawlor*-based argument). In other words, *Lawlor* was specific to cases involving "a course of conduct—for example, an abatable nuisance— . . . giv[ing] rise to more than a single cause of action." 349 U.S. at 327–28. It did not find that continued ill effects of an earlier breach allow a case to be brought again.
[8] Because the claims are barred by res judicata, the Court will not address whether Plaintiff has also failed to state a claim.

F.2d 503, 509 (4th Cir. 1986)); *see also Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012). An amendment is futile "when the proposed amendment is clearly insufficient or frivolous on its face," *Johnson*, 785 F.2d at 510, or where it would fail to withstand a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995). Because the Amended Complaint, like the original, brings claims that were or could have been brought in the first action in Virginia, and brings them against the same parties, it is similarly barred by res judicata. The Court will deny Plaintiff's Motion for Leave to Amend Original Complaint for the same reason, as the only amendment would be to add as defendants new "officers, directors, managers, and employees" appointed at Truist Bank, all of whom would be considered in privity with the original defendants.[9] *Martin v. Am. Bancorp. Retirement Plan*, 407 F.3d 643, 651 (4th Cir. 2005) ("To be in privity with a party to a former litigation, the non-party must be 'so identified in interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved.'" (quoting *Jones v. SEC*, 115 F.3d 1173, 1180 (4th Cir. 1997)); *see also, e.g.*, *La Near v. Slay*, No. 4:06-CV-1198 CAS, 2008 WL 238510, at *5 (E.D. Mo. Jan. 25, 2008) ("While the board members have changed, the current board is in privity with the former board such that plaintiff's action against the new board members is barred by res judicata.").

---

[9] Moreover, Plaintiff did not submit the names she would add nor the summons for these additional defendants.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 7, Defendants'

Motion to Strike, ECF No. 21, and Plaintiff's Motion for Leave, ECF No. 30, are granted;

Plaintiff's Motion to Amend, ECF No. 16, is denied.


Date: <u>January 28, 2021</u>                              __/s/_____

                                                                     GEORGE J. HAZEL
                                                                     United States District Judge