**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **ROSSI WADE & DAUGHTER (JANE DOE),** | * | |
| | * | |
| **Plaintiffs,** | | |
| **v.** | * | **Case No.: GJH-20-0656** |
| **TRUIST BANK,** *et al.*, | * | |
| **Defendants.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

*Pro-Se* Plaintiff Rossi Wade and her daughter brought this civil action against Defendants Truist Bank, Suntrust Bank & BB&T Merger, Suntrust "Truist" Bank, Suntrust Corp., Suntrust Holdings, Kelly S. King (Truist Bank's Chairman & CEO), William H. Rogers (Truist Bank's President & CEO), Branch Managers Maurice Steward and Stephon Cumberbatch, Operations Manager Jodi Meadows, Executive Manager Cynthia Williams, and members of the Truist Bank Board of Directors—Jennifer S. Banner, K. David Boyer, Jr., Agnes Bundy Scalan, Anna R. Cablik, Dallas S. Clement, Paul D. Donahue, Paul R. Garcia, Patrick C. Graney III, Linnie M. Haynesworth, Easter A. Maynard, Donna S. Morea, Charles A. Patton, Nido R. Quebein, David M. Ratcliffe, Frank O. Scruggs, Jr., Christine Sears, Thomas E. Skains, Bruce L. Tanner, Thomas N. Thompson, and Steven C. Voorhees. ECF No. 1. Plaintiff alleged claims of "Negligence, Breach of Contract, Privacy Rule under Title V of the Gramm-Leach Bliley Law, Unfair and Deceptive Trade Practices, Liability, Vicarious Liability, Deceit and False Representation, The Banking Act and Physical and Emotional Injury," based on an incident in which Plaintiff was unable to access funds in her bank account. *See id.* at 27. On January 28,

1

2021, this Court issued a Memorandum Opinion and Order granting Defendants' Motion to Dismiss and directing the clerk to close the case. ECF Nos. 39 & 40. Pending before the Court is Plaintiff's Motion to Vacate and/or Reconsider Judgment. ECF Nos. 41 & 42. No hearing is necessary. See Loc. R. 105.6 (D. Md. 2018). For the following reasons, Plaintiff's Motion is denied.

## I.    BACKGROUND[1]

The background facts of this action were fully set forth in this Court's previous Memorandum Opinion. ECF No. 39. To summarize as relevant here, Plaintiff alleges she opened an account at SunTrust Bank—now, after merging with BB&T, Truist Bank—under assurances from the branch manager that she would be able to access the funds in her account on July 1, 2019. ECF No. 1 at 6–7. However, when she returned to the bank on July 1, 2019, to retrieve the funds in order to pay for a medical procedure, she was unable to do so. *Id.* at 7. After several interactions with bank employees concerning her account, Plaintiff was eventually told her account had been closed due to fraud on July 3, 2019. *Id.* at 7–10. Plaintiff was subsequently unable to retrieve the funds she had deposited. *Id.*

On March 11, 2020, Plaintiff filed suit in this Court. ECF No. 1. The Complaint was nearly identical to a complaint she had filed on February 20, 2020, in the District Court for the Eastern District of Virginia. *Compare id. with* ECF No. 6-3.[2]

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

[2] On October 1, 2019, Plaintiff filed suit against SunTrust Bank and Maurice Steward in the Circuit Court for the City of Alexandria, Case No. CL19003062. ECF No. 6-1. Defendants removed the case to the Eastern District of Virginia, where the court dismissed the action. ECF No. 6-2 at 6 (*Wade v. SunTrust Bank & Employees*, No. 1:19-CV-1447, 2019 WL 8918916, at *2 (E.D. Va. Dec. 30, 2019)). On February 20, 2020, Plaintiff filed a new action in the same court. ECF No. 6-3. The court, *sua sponte*, ruled that the complaint was "in fact an amended complaint in Plaintiff Rossi Wade's earlier action, *Wade v. SunTrust Bank & Employees*, 1:19-cv-1447," and dismissed the complaint with prejudice. ECF No. 6-4 at 2 (*Wade v. SunTrust Bank & Employees*, No. 1:12-cv-00169 (E.D. Va. Feb. 26, 2020)).

Defendants moved to dismiss the Complaint on April 20, 2020, arguing Plaintiff's claims were barred by *res judicata*, ECF No. 5, 6, and filed a corrected motion on April 24, 2020, ECF No. 7. Plaintiff filed an Opposition to Defendants' motion on May 18, 2020. ECF No. 10. Plaintiff's Opposition contained another version of the same Complaint with several alterations and additional allegations. *See id.* Defendants filed a reply on June 2, 2020. ECF No. 12. Plaintiff filed a Motion for Leave to File a Surreply on July 23, 2020. ECF No. 30.

On July 2, 2020, Plaintiff filed an Amended Complaint without requesting leave of the Court. ECF No. 15. The Amended Complaint was similar to the version included in Plaintiff's Opposition to Defendants' Motion to Dismiss. *Compare id. with* ECF No. 10. Plaintiff also attached several documents from the prior Virginia action to the Amended Complaint: the first complaint she filed in Virginia state court on October 1, 2019, ECF No. 15-1, Defendants' Motion to Dismiss that first complaint in the District Court for the Eastern District of Virginia, ECF No. 15-2, and the District Court's first order dismissing that complaint, issued on December 30, 2019, ECF No. 15-3.

Five days later, Plaintiff filed a Motion for Leave to Amend Original Complaint, stating that, through additional research, she had found that new officers, directors, managers, and employees had been appointed at Truist Bank, and, as a result, she was supplementing the list of defendants. ECF No. 16. However, despite stating that she was submitting "the new list of names as well as the summons," she did not do so. *See id.*

On July 16, 2020, Defendants filed a Motion to Strike the Amended Complaint, ECF No. 21, and an Opposition to Plaintiff's Motion for Leave to Amend Original Complaint, ECF No. 22.

On January 28, 2020, the Court issued an Order granting Defendants' Motion to Dismiss, granting Defendants' Motion to Strike the Amended Complaint, denying Plaintiff's Motion for Leave to Amend Original Complaint to add additional defendants, and denying Plaintiff's Motion for Leave to File a Surreply. ECF No. 40. On February 16, 2020, Plaintiff filed a Motion for Reconsideration, asserting that she had filed an Opposition to Defendants' Motion to Strike the Amended Complaint that was "missing" and had not been considered in the Court's decision. ECF Nos. 41 & 42. Plaintiff attaches two motions to her Motion for Reconsideration: one is the missing Opposition to Defendants' Motion to Strike, ECF No. 42-2, and the other is a Motion to Strike Defendants' Inclusion of Records from Prior Proceedings, ECF No. 42-1. The Opposition to Defendants' Motion to Strike is accompanied by a Certificate of Service stating that the foregoing filing had been served on opposing counsel on July 2, 2020, apparently two weeks before Defendants had filed the Motion to Strike itself. *See* ECF No. 42-2 at 3. Neither filing appears on the docket.

## II.    STANDARD OF REVIEW

The Federal Rules of Civil Procedure allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Rule 59(e) or a motion seeking relief from the judgment pursuant to Rule 60(b). Plaintiff does not clearly indicate under which rule she filed the Motion. Nevertheless, because she filed the Motion less than three weeks after the Court issued its judgment, and the reasons for reconsideration expressed in the Motion do not indicate it should be construed as a motion brought under Rule 60(b), the Court understands the Motion to be brought under Rule 59(e). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (finding that "'if a post-judgment motion is filed within [the time period prescribed by Rule 59(e)] and calls into question the correctness of that judgment it should be

treated as a motion under Rule 59(e), however it may be formally styled,'" but noting that the panel believed "this approach is no longer appropriate" and recognizing that other circuits look to the motion's substance and reasoning rather than its timing (quoting *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978)); *see also Cohen v. Rosenstein*, 804 F. App'x 194, 195–96 (4th Cir. 2020) (per curiam) (unpublished) (construing post-judgment motion as a Rule 59(e) motion where it was filed within 28 days of the entry of judgment).

Rule 59(e) provides that a party may file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a final judgment may be amended under Rule 59(e) in only three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).

A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pacific Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright et al., *Federal Practice and Procedure* § 2810.1, at 127–28 (2d ed. 1995)); *see also Kelly v. Simpson*, No. CV RDB-16-4067, 2017 WL 4065820, at *1 (D. Md. Jan. 26, 2017). "[M]ere disagreement does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). Such limitations on Rule 59(e) motions are necessary because "[w]ere it otherwise, then there would be no conclusion to motions practice, each motion becoming nothing more than the latest installment in a potentially endless serial that would exhaust the resources of the parties and the [C]ourt—not to mention its patience." *Pinney*

*v. Nokia, Inc.*, 402 F.3d 430, 453 (4th Cir. 2005) (quoting *Potter v. Potter*, 199 F.R.D. 550, 553 (D. Md. 2001)). Granting a motion for reconsideration "is an extraordinary remedy, which should be used sparingly." *Pacific Ins. Co.*, 148 F.3d at 403 (quoting Wright et al., *Federal Practice and Procedure* § 2810.1, at 124).

## III.   DISCUSSION

Plaintiff does not argue there has been any intervening change in law or that new evidence is available that was not when the Court made its determination. Plaintiff's Motion may only be granted, therefore, if she shows it is necessary to "correct a clear error of law or prevent manifest injustice." *United States ex rel. Becker*, 305 F.3d at 290.

"Clear error or manifest injustice occurs where a court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension[.]'" *Wagner v. Warden*, No. CV ELH-14-791, 2016 WL 1169937, at *3 (D. Md. Mar. 24, 2016) (quoting *King v. McFadden*, 2015 WL 4937292 * 2 (D.S.C. August 18, 2015)). As stated above, "mere disagreement with the Court's previous decision will not suffice." *June v. Thomasson*, No. CV GLR-14-2450, 2016 WL 7374432, at *2 (D. Md. Dec. 20, 2016). Nor is it enough for the prior judgment to be "just maybe or probably wrong[.]" *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (quoting *Parts & Elec. Motors v. Sterling Elec.*, 866 F.2d 228, 233 (7th Cir. 1988)). Rather, this Court will only grant a Rule 59(e) motion to alter or amend a judgment based on a clear error of law when the prior judgment is "dead wrong," striking the court "as wrong with the force of a five-week-old, unrefrigerated dead fish." *Id.* (quoting *Parts & Elec. Motors v. Sterling Elec.*, 866 F.2d at 233).

Plaintiff asserts that one of her filings—an Opposition to Defendants' Motion to Strike the Amended Complaint—is "missing" and was "omitted" from the Court's consideration. ECF

No. 42 at 1. She does not explain why that document was not properly filed on the docket.

Additionally, the missing motion contains a Certificate of Service dated July 2, 2020, ECF No.

42-2 at 3, although the Motion to Strike that it opposes was not filed until July 16, 2020, ECF

No. 21. Although self-represented litigants are afforded some measure of leniency in the form

and substance of their filings, they must still meet some basic standard of accountability. *Cf. Hill

v. SJV LLC*, No. 116CV00193GBLTCB, 2017 WL 4476831, at \*1 (E.D. Va. July 28, 2017)

("Pro se litigants are held to a basic standard of accountability for the contents of their court

papers.") (citing *LBCMT 2007–C3 Urbana Pike, LLC v. Sheppard*, 302 F.R.D. 385, 388 (D. Md.

2014)). The Court will therefore not reverse its decision because Plaintiff failed to ensure its

filings were properly docketed, particularly where Plaintiff does not provide any explanation for

the error.

Moreover, even were the Court to take into account Plaintiff's missing filing, the decision

would not be affected. Plaintiff alleges that she should have been allowed to file an Amended

Complaint under Federal Rule of Civil Procedure 15(a); however, that rule allows for

amendment without requesting the Court's leave only within 21 days of serving the original

pleading or 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or

(f). Fed. R. Civ. P. 15(a)(1). Even still, as the Court stated in the Memorandum Opinion, leave to

amend after this time period "shall be freely given when justice so requires," Fed. R. Civ. P.

15(a)(2), and should be denied only when the amendment "would be prejudicial to the opposing

party, there has been bad faith on the part of the moving party, or the amendment would be

futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman v.

Davis*, 371 U.S. 178, 182 (1962)). The Court nevertheless concluded that the proposed Amended

Complaint was, like the original pleading, barred by *res judicata*, and therefore granted

Defendants' Motion to Strike the Amended Complaint because amendment would have been futile. ECF No. 39 at 8–9. Plaintiff does not offer any other discernable arguments in the Opposition to Defendants' Motion to Strike that would alter the Court's conclusion.[3]

Accordingly, Plaintiff has not shown that the Court's judgment entered on January 28, 2021, was "dead wrong" such that it requires amendment "to correct a clear error of law or prevent manifest injustice." *TFWS, Inc.*, 572 F.3d at 194; *United States ex rel. Becker*, 305 F.3d at 290.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration is denied.

Date: <u>May 10, 2021</u>                                         _/s/_____
                                                                 GEORGE J. HAZEL
                                                                 United States District Judge

---

[3] In her Motion for Reconsideration, Plaintiff also includes a second motion that did not appear on the docket: a Motion to Strike Defendants' Inclusion of Records from Prior Proceedings. ECF No. 42-1. Plaintiff does not provide any explanation regarding this additional motion. *See* ECF No. 42. The Court further notes that Plaintiff had the opportunity to "dispute the factual accuracy of the record of [her] previous suit" after Defendants included filings from the Virginia proceeding with their Motion to Dismiss, and she did not, *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000); that she does not raise any factual disputes in this unfiled motion, *see* ECF No. 42-1; and that Plaintiff herself attached several documents from the Virginia proceeding to her Amended Complaint, *see* ECF No. 15-1; ECF No. 15-2; ECF No. 15-3.